**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S APPLICATION FOR HEARING ON EMERGENCY MOTIONS**

Golden Fleece Beverages, Inc. (the "***Debtor***"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "***Case***,"), through counsel, submits this application (the "***Application***") seeking an order scheduling an emergency hearing on the First Day Motions (defined below), filed contemporaneously with this Application, **to be held no earlier than the afternoon of Friday, October 29, 2021, and no later than Monday, November 1, 2021**. In support of this Application, the Debtor states:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Application are § 105 of title 11 of the United States Code (the "***Bankruptcy Code***"); Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 9013-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "***Local Rules***").

**BACKGROUND**

2. The Debtor operates a consumer package goods company under the brand name "Argo Tea." A more complete description of the Debtor's operations and history is set forth in the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition & First Day Relief* (the "***First Day Declaration***") filed contemporaneously with this Application.

3. The Debtor filed this case on October 27, 2021, electing to proceed under subchapter V of chapter 11 of the Bankruptcy Code, and continues to operate and manage its business as a debtor in possession under Bankruptcy Code §§ 1182 and 1184. The timing of the Debtor's bankruptcy filing is specifically tied to the emergency relief sought in this Application.

**RELIEF REQUESTED**

4. The Debtor requests that the Court set an emergency hearing **no earlier than the afternoon of Friday, October 29, but no later than Monday, November 1, 2021**, to consider and grant the Debtor immediate relief on the following motions (the "***First Day Motions***"), attached to this Application as **Group Exhibit A**:

(a) Debtor's Emergency Motion for Interim & Final Orders Authorizing the Debtor to Incur Postpetition Debt (the "***DIP Financing Motion***");

(b) Debtor's Motion For Authority to (1) Maintain Existing Bank Accounts; (2) Continue Using Existing Cash Management System; (3) Continue Using Existing Business Forms; (4) Modify Investment & Deposit Requirements Under 11 U.S.C. § 345(b); & (5) Related Relief (the "***Cash Management Motion***");

(c) Debtor's Motion for Authority to (1) Pay Prepetition Employee Obligations; (2) Continue Administering Employee Benefits Plans; & (3) Direct all Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations (the "***Employee Motion***");

5. The Debtor request that the hearing be scheduled no sooner than the afternoon of October 29 so that it may provide adequate notice of the emergency hearing to parties in interest, and to ensure the availability of the Debtor's First Day Declarant, Candace MacLeod, in Court for the hearing on the First Day Motions.

**EMERGENCY NATURE OF RELIEF REQUESTED**

6. The Debtor must fund payroll no later than Wednesday, November 3, and cannot do so without the relief sought in the First Day Motions, all of which are necessary to ensure that the Debtor:

(a) has cash to pay employees and other operating expenses, as sought under the DIP Financing Motion;

> (b) is able to fund payroll and pay expenses in the ordinary course through its existing cash management system, as sought under the Cash Management Motion; and
>
> (c) has authority to honor its obligations to employees, most urgently to fund payroll on Monday, as sought in the Employee Motion.

*See* (Grp. Ex. A).

7. As a debtor in possession, the Debtor needs immediate relief, as set forth in each of the First Day Motions, to be able to continue its operations postpetition and have the ability to reorganize under subchapter V of chapter 11. Without the relief sought under the First Day Motions, the Debtor's estate will be seriously and irreparably harmed.

8. Bankruptcy Code § 105(a) provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, Bankruptcy Rule 9006(d) permits a court to fix any period of notice by order. Finally, Local Rule 9013-1 permits the presentment of emergency motions outside the time when the judge assigned to the bankruptcy case ordinarily hears motions if the court so orders, and Local Rule 9013-2 specifically provides for emergency motions.

9. Additionally, Local Rule 9013-2 defines "emergency motion" as one that "arises from an occurrence that could not reasonably have been foreseen and requires immediate action to avoid serious and irreparable harm." L.R. 9013-2. Thus, the Court has broad latitude to fix the time for presentment of motions, particularly when "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. The relief sought in each of the First Day Motions is necessary to avoid immediate, irreparable, and serious harm to the Debtor, its chapter 11 estate, and creditors in this Case. Without access to cash; continued use of its existing cash management system; and the ability to pay and honor obligations to employees, the Debtor will have no ongoing business to reorganize.

**NOTICE OF THE FIRST DAY MOTIONS**

11. Once the Court sets a hearing on the First Day Motions, the Debtor will promptly provide notice of the First Day Motions to the United States Trustee, the Debtor's list of its twenty largest unsecured creditors, and certain other parties as set forth in each of the First Day Motions, by email, telephone, or overnight delivery.

*Wherefore*, the Debtor requests that the Court enter an order granting the relief sought here, setting an immediate hearing on the First Day Motions, and granting any other further relief the Court deems appropriate under the circumstances.

Date: October 27, 2021          *Golden Fleece Beverages, Inc.*

By:  /s/ Jonathan Friedland
        One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*