UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**NOTICE OF MOTION**

*Please take notice* that on **Wednesday, November 17, 2021, at 10:00 a.m. C.T.** the undersigned will appear before the Honorable David D. Cleary, or any judge sitting in his place, and present the *Debtor's Motion for (1) Authority to Pay Prepetition Obligations Related to Insurance Coverage in the Ordinary Course of Business; (2) Authority to Renew, Supplement, or Enter into new Insurance Coverage in the Ordinary Course of Business; & (3) Related Relief*, a copy of which is attached here.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard at the hearing, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1.669.254.5252 or 1.646.828.7666. then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**.The Meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

1

Date: October 29, 2021　　　　　　　　*Golden Fleece Beverages, Inc.*

　　　　　　　　　　　　　　　　　　By:   /s/ Jonathan Friedland
　　　　　　　　　　　　　　　　　　　　　　One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*

2

### CERTIFICATE OF SERVICE

I, Jack O'Connor, an attorney, certify that I caused a copy of the attached notice of motion and the motion to which it refers to be served upon each entity shown on the attached list at the address shown and by the method indicated on the list on October 29, 2021.

Date: October 29, 2021        By:   /s/ Jack O'Connor

### Service List

*Via CM/ECF*

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Neema T Varghese
NV Consulting Services
701 Potomac, Ste 100
Naperville, IL 60565
nvarghese@nvconsultingservices.com

*Via U.S. Mail*

550 St. Clair Retail Associates, LLC
Attn: William Dallas, Steve Dallas
c/o Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602

Arrow Trans
Attn: Monika Saida
2001 Estes Ave
Elk Grove Village, IL 60007

C.H. Robinson Company, Inc.
Attn: Nick Foglton
14701 Charlson Road
Eden Prairie, MN 55347

Clark Hill PLC
Attn: Megan Berry
901 Main Street
Suite 6000
Dallas, TX 75202

Clutch Global Logistics
Attn: Angela Maslanka
555 Waters Edge, Suite 150
Lombard, IL 60148

Coyote Logistics
Attn: Tommy Cox
2545 W Diversey Ave
Chicago, IL 60647

DevTech PET, Inc
Attn: Maggie Mahony
12 Howe Drive
Amherst, NH 03031

First Logistics Management Svc.
Attn: Don Worth
11859 S Central Ave
Alsip, IL 60803

Global Plastics
Attn: Stacy Cooper
6739 Guion Road
Indianapolis, IN 46268

Greco and Sons
c/o Rauch-Milliken International, Inc
4400 Trenton Street
Metairie, LA 70006

Imperial Bag & Paper Co.
Attn: Rich Laurendeau
255 Route 1 & 9
Jersey City, NJ 07306

Levenfeld Pearlstein
Attn: Jennifer Larkin
2 N LaSalle Street, Suite 1300
Chicago, IL 60602

O-I Packaging Solutions
Attn: Earneshe Young
5200 Tennyson Pkwy
Suite 100
Plano, TX 75024

Sleeve Seal
Attn: Jennifer Bailey
14000 Dineen Drive
Little Rock, AR 72206

Stapleton Spence Packing Co.
Attn: Brad Stapleton
1900 Hwy 99
Gridley, CA 95948

Tate & Lyle Food & Beverage Solutions
Attn: Kelly O'Bryan
2200 E Eldorado Street
Decatur, IL 62521

Total Quality Logistics
Attn: Aliosman Youssein
700 Butterfield Road, Suite 250
Lombard, IL 60148

Verizon Media Inc.
Attn: Brenda Davenport
14010 FNB Parkway
Omaha, NE 68154

Wilson Sonsini Goodrich & Rosati PC*
Attn: Barbara McKnew
650 Page Mill Road
Palo Alto, CA 94304

Novack and Macey LLP*
Attn: Mitchell Marinello, Laura Jennings
100 N. Riverside Plaza
Chicago, IL 60606

Walgreens
Attn: Robert Andalman
c/o A & G Law LLC
542 South Dearborn St., 10th Flr.
Chicago, IL 60605

Greg Wasson
Attn: Amy C. Andrews, Thomas Quinn
c/o Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

SYSCO
1390 Enclave Pkwy
Houston, TX 77077

Kwik Trip
c/o CT Corporation System (reg'd agent)
208 S. LaSalle St.
Chicago, IL 60604

JP Morgan Chase Bank NA
Attn: Bankruptcy
PO Box 6185
Westerville, OH 43086

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Liberty Mutual Insurance
175 Berkeley Street
Boston, MA 02116

Nationwide Management Liability & Specialty
7 World Trade Center, 37th Floor
250 Greenwich Street
New York, NY 10007

Beyer Insurance Agency, Inc.
70 E Lake Street
Suite 1015
Chicago, IL 60601

FIRST Insurance Funding
450 Skokie Blvd, Ste 1000
Northbrook, IL 60062-7917

BRIT/Syndicates 2987 at Lloyd's, London
Illinois Corporation Service Company (reg'd agent)
801 Adlai Stevenson Dr.
Springfield, IL 62703

UnitedHealthcare
185 Asylum Street
Cityplace I
Hartford, CT 06103

The Guardian Life Insurance Company of America
10 Hudson Yards
New York, NY 10001

Scottsdale Indemnity Company
8877 North Gainey Center Dr.
Scottsdale, AZ 85258

Principal Life Insurance Company
711 High St.
Des Moines, IA 50392

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR (1) AUTHORITY TO PAY PREPETITION OBLIGATIONS RELATED TO INSURANCE COVERAGE IN THE ORDINARY COURSE OF BUSINESS; (2) AUTHORITY TO RENEW, SUPPLEMENT, OR ENTER INTO NEW INSURANCE COVERAGE IN THE ORDINARY COURSE OF BUSINESS; & (3) RELATED RELIEF**

Golden Fleece Beverages, Inc., the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***") submits this motion (the "***Motion***") seeking an order substantially in the form attached here, authorizing the Debtor to (1) satisfy prepetition obligations related to insurance coverage in the ordinary course of business; (2) renew, supplement, or enter into new insurance coverage in the ordinary course of business; and (3) granting related relief. In support of the Motion, the Debtor states:

**JURISDICTION & VENUE**

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this Case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 363(b), and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "***Local Rules***").

**BACKGROUND & THE DEBTOR'S EXISTING INSURANCE POLICIES & COVERAGE**

3. The Debtor filed this Case on October 27, 2021 (the "***Petition Date***"). (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession under §§ 1182 and 1184 of the Bankruptcy Code. Neema Varghese has been appointed Subchapter V Trustee for the Case (the "***Sub V Trustee***"). (Dkt. 9).

1

4. A more complete description of the Debtor's business and history is set forth in the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition & First Day Relief* (the "**First Day Declaration**"). (Dkt. 4).

5. In the ordinary course of its business, the Debtor maintains multiple insurance policies through various carriers (the "**Insurance Providers**") providing coverage for, among other things: health, dental, vision, and accident and life insurance coverage for employees; general liability, property, and umbrella coverage; director and officer liability; and cyber protection (collectively, the "**Insurance Policies**"). The following chart summarizes the Debtor's existing Insurance Policies and coverage:

| Coverage | Policy Provider | Policy Period |
|---|---|---|
| Health, Vision, Dental Insurance | UnitedHealthCare | 04/01/2021-04/01/2022 |
| Disability Insurance | Principal / Stumm Insurance | 08/01/2021-07/31/2022 |
| Accident & Life Insurance | Guardian | 04/01/2021-04/01/2022 |
| Workers Compensation | Liberty Mutual | 08/13/2021-08/13/2022 |
| General Liability, Property | Liberty Mutual | 02/17/2021-02/17/2022 |
| Umbrella | Liberty Mutual | 02/17/2021-02/17/2022 |
| Director & Officer | Nationwide Management Liability & Specialty | 08/13/2021-08/13/2022 |
| Cyber | BRIT / Lloyd's | 09/01/2021-09/01/2022 |

6. One of the Insurance Policies—the Debtor's director and officer liability Insurance Policy—is paid through a commercial premium finance agreement with First Insurance Funding, a division of Lake Forest Bank & Trust Company, N.A., a Wintrust Community Bank. Under the premium finance agreement effective as of September 17, 2021, the Debtor paid a $3,359.00 initial payment and has a monthly obligation to pay $1,062.59 over a 6-month term. The term of the Insurance Policy paid through the premium financing agreement began August 13, 2021, and such coverage is subject to renewal on August 13, 2022.

7. All of the Insurance Policies are subject to periodic review and renewal by the Debtor in the ordinary course of its business. The Debtor may determine in the ordinary course of its business operations during this Case that certain coverage should be renewed, modified, terminated, or moved to another carrier.

2

**RELIEF REQUESTED**

8.By this Motion, the Debtor seeks an order granting it authority to, among other things: (1) satisfy prepetition obligations related to insurance coverage in the ordinary course of business; (2) renew, supplement, or enter into new insurance coverage in the ordinary course of business.

**A. Paying Obligations Under the Insurance Policies & Renewing Policies in the Ordinary Course of Business is Warranted**

9.Bankruptcy Code § 363 permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts have authorized payment of prepetition obligations under § 363(b) of the Bankruptcy Code when a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting that a debtor may sell property outside the ordinary course of business if it can provide "an articulated business justification" (citing *The Inst'l Creditors of Cont'l Airlines v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.*), 780 F.2d 1223, 1225 (5th Cir. 1986)). Once a debtor articulates a valid business justification for a particular form of relief, that relief "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, whim, or caprice.'" *In re Aerovox, Inc.*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001) (quoting *In re Logical Software, Inc.*, 66 B.R. 683, 686 (Bankr. D. Mass. 1986) (citations omitted)).

10.To the extent the relief requested in this Motion implicates § 363(b) of the Bankruptcy Code, the Debtor submits that paying obligations under the Insurance Policies and renewing, supplementing, or entering into new coverage, all in the ordinary course of business, is warranted under § 363(b). As described above, the Debtor must continue the Insurance Policies to preserve the value of their assets and minimize their exposure to risk.

11.Courts in this jurisdiction routinely authorize debtors to maintain insurance

3

coverage and pay prepetition claims related to insurance when, as is the case here, that authority serves the best interest of the bankruptcy estate. *See, e.g. In re Chellino Crane Inc., et al.*, Case No. 17-14200 (Bankr. N.D. Ill June 1, 2017); *In re ITR Concession Co.*, No. 14-34284 (Bankr. N.D. Ill. Sept. 23, 2014) (authorizing debtor to pay prepetition premiums and enter into new insurance policies under § 363(b)); *In re SGK Ventures, LLC (f/k/a Keywell L.L.C.)*, No. 13-37603 (Bankr. N.D. Ill. Sept. 26, 2013); *In re Ryan Int'l Airlines, Inc.*, No. 12-80802 (Bankr. N.D. Ill. Mar. 7, 2012); *In re Hartford Computer Hardware, Inc.*, No. 11-49744 (Bankr. N.D. Ill. Dec. 15, 2011)

12. Certain of the Insurance Policies are necessary for the Debtor to meet various state and federal regulations. Furthermore, Bankruptcy Code § 1112 provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" constitutes "cause" for mandatory conversion or dismissal of a chapter 11 case. Continuation of the Insurance Policies during this Case, therefore, forms an essential part of preserving the value of the Debtor's business, property, and assets.

**B. Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks & Electronic Fund Transfers Related to the Insurance Policies**

13. The Debtor anticipates that it will have sufficient funds to pay the amounts described here in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to debtor in possession financing. In addition, under the Debtor's existing cash management system, the Debtor can readily identify checks or wire transfer requests relating to an authorized payment with respect to the relief requested here. Accordingly, the Debtor believes that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. The Debtor therefore requests that the Court authorize and direct the Debtor's commercial bank, JP Morgan Chase Bank, N.A., (and any other commercial bank the Debtor may use), when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

### BANKRUPTCY RULE 6003 IS SATISFIED

14. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. For the reasons discussed in the First Day Declaration and above, is imperative to protecting and preserving the value of the Debtor's estate in this Case.

15. Failure to authorize the Debtor to satisfy its obligations with respect to the Insurance Policies during the first 21 days of this Case would disrupt the Debtor's ability to operate at this critical juncture. Thus, the relief requested here is necessary for the Debtor to operate its business in the ordinary course, preserve the ongoing value of the Debtor's operations, and maximize the value of its estate for the benefit of all stakeholders. Accordingly, the Debtor submits it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested in this Motion.

### WAIVER OF BANKRUPTCY RULES 6004(a) & (h)

16. To implement the relief sought here successfully, the Debtor also requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

17. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's property; (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease under Bankruptcy Code § 365; or (f) a limitation on the Debtor's rights under Bankruptcy Code § 365 to assume or reject any executory contract or unexpired lease with any party, subject to the provisions of any orders entered by this Court granting the relief requested by this Motion.

Nothing contained in the proposed orders attached to this Motion shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

### NOTICE & NO PRIOR REQUEST

18. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Northern District of Illinois; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) the Sub V Trustee; (d) the Insurance Providers; (e) counsel to 550 St. Clair Retail Associates, LLC; (f) counsel to Novack & Macey LLP; and (g) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given. The Debtor will provide such additional notice as may be required and appropriate in advance of the final hearing on this matter.

19. No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order, substantially in the same form attached to this Motion: (a) granting the relief requested in this Motion; and (b) any other further relief the Court deems appropriate under the circumstances.

6

Date: October 29, 2021    *Golden Fleece Beverages, Inc.*

By:  /s/ Jonathan Friedland
   One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*

7