UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**NOTICE OF MOTION**

*Please take notice* that on **Wednesday, November 17, 2021, at 10:00 a.m. C.T.** the undersigned will appear before the Honorable David D. Cleary, or any judge sitting in his place, and present the *Debtor's Motion for Authority to Pay Certain Prepetition Taxes & Related Relief*, a copy of which is attached here.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard at the hearing, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1.669.254.5252 or 1.646.828.7666. then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**.The Meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Date: October 29, 2021

*Golden Fleece Beverages, Inc.*

By:   /s/ Jonathan Friedland
      One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*

1

### CERTIFICATE OF SERVICE

I, Jack O'Connor, an attorney, certify that I caused a copy of the attached notice of motion and the motion to which it refers to be serve upon each entity shown on the attached list at the address shown and by the method indicated on the list on October 29, 2021.

Date: October 29, 2021         By:   /s/ Jack O'Connor

## Service List

*Via CM/ECF*

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Neema T Varghese
NV Consulting Services
701 Potomac, Ste 100
Naperville, IL 60565
nvarghese@nvconsultingservices.com

*Via U.S. Mail*

550 St. Clair Retail Associates, LLC
Attn: William Dallas, Steve Dallas
c/o Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602

Arrow Trans
Attn: Monika Saida
2001 Estes Ave
Elk Grove Village, IL 60007

C.H. Robinson Company, Inc.
Attn: Nick Foglton
14701 Charlson Road
Eden Prairie, MN 55347

Clark Hill PLC
Attn: Megan Berry
901 Main Street
Suite 6000
Dallas, TX 75202

Clutch Global Logistics
Attn: Angela Maslanka
555 Waters Edge, Suite 150
Lombard, IL 60148

Coyote Logistics
Attn: Tommy Cox
2545 W Diversey Ave
Chicago, IL 60647

DevTech PET, Inc
Attn: Maggie Mahony
12 Howe Drive
Amherst, NH 03031

First Logistics Management Svc.
Attn: Don Worth
11859 S Central Ave
Alsip, IL 60803

Global Plastics
Attn: Stacy Cooper
6739 Guion Road
Indianapolis, IN 46268

Greco and Sons
c/o Rauch-Milliken International, Inc
4400 Trenton Street
Metairie, LA 70006

Imperial Bag & Paper Co.
Attn: Rich Laurendeau
255 Route 1 & 9
Jersey City, NJ 07306

Levenfeld Pearlstein
Attn: Jennifer Larkin
2 N LaSalle Street, Suite 1300
Chicago, IL 60602

O-I Packaging Solutions
Attn: Earneshe Young
5200 Tennyson Pkwy
Suite 100
Plano, TX 75024

Sleeve Seal
Attn: Jennifer Bailey
14000 Dineen Drive
Little Rock, AR 72206

Stapleton Spence Packing Co.
Attn: Brad Stapleton
1900 Hwy 99
Gridley, CA 95948

Tate & Lyle Food & Beverage Solutions
Attn: Kelly O'Bryan
2200 E Eldorado Street
Decatur, IL 62521

Total Quality Logistics
Attn: Aliosman Youssein
700 Butterfield Road, Suite 250
Lombard, IL 60148

Verizon Media Inc.
Attn: Brenda Davenport
14010 FNB Parkway
Omaha, NE 68154

Wilson Sonsini Goodrich & Rosati PC
Attn: Barbara McKnew
650 Page Mill Road
Palo Alto, CA 94304

Novack and Macey LLP
Attn: Mitchell Marinello, Laura Jennings
100 N. Riverside Plaza
Chicago, IL 60606

Walgreens
Attn: Robert Andalman
c/o A & G Law LLC
542 South Dearborn St., 10th Flr.
Chicago, IL 60605

Greg Wasson
Attn: Amy C. Andrews, Thomas Quinn
c/o Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

SYSCO
1390 Enclave Pkwy
Houston, TX 77077

Kwik Trip
c/o CT Corporation System (reg'd agent)
208 S. LaSalle St.
Chicago, IL 60604

JP Morgan Chase Bank NA
Attn: Bankruptcy
PO Box 6185
Westerville, OH 43086

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Social Security Administration
Great Lakes Program Service Center
ATTN: OAS – 10th Floor
600 West Madison Street   Chicago  IL  60661-0000

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794

Illinois Department of Employment Security
Benefit Payment Control Division
PO Box 4385
Chicago, IL 60680

Delaware State Treasury
820 Silver Lake Blvd., Suite 100
Dover, DE 19904

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 (Subchapter V) |
| ) | |
| Golden Fleece Beverages, Inc., ) | Case No. 21-12228 |
| ) | Hon. David D. Cleary |
| Debtor. ) | |

**DEBTOR'S MOTION FOR AUTHORITY TO PAY CERTAIN PREPETITION TAXES & RELATED RELIEF**

Golden Fleece Beverages, Inc., the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***") through counsel, submits this motion seeking an order authorizing, but not directing, the Debtor to pay certain unpaid taxes, and granting additional relief to the Debtor (the "***Motion***"). In support of this Motion, the Debtor states:

**JURISDICTION & VENUE**

1.　The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this Case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2.　The statutory bases for the relief requested in this Motion are §§ 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

**THE DEBTOR'S TAX OBLIGATIONS**

3.　The Debtor filed this Case on October 27, 2021 (the "***Petition Date***"). (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession under §§ 1182 and 1184 of the Bankruptcy Code. Neema Varghese has been appointed Subchapter V Trustee for the Case (the "***Sub V Trustee***"). (Dkt. 9).

4.　A more complete description of the Debtor's business and history is set forth in the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition & First Day Relief* (the "***First Day Declaration***"). (Dkt. 4).

5.　In the ordinary course of business, the Debtor pays certain taxes (collectively, the

1

"**Taxes**") to various taxing and other governmental authorities (the "**Taxing Authorities**"). The Taxes generally consist of sales taxes, income taxes, and unemployment taxes. As of the Petition Date, the Debtor's records show it owes approximately $14,111.73 in outstanding Taxes. Accordingly, the Debtor seeks authority to pay or fund any outstanding amounts.

### A. Franchise Taxes

6.   The Debtor is responsible for remitting franchise taxes (the "**Franchise Taxes**") to the Delaware Division of Corporations and the Illinois Department of Revenue to maintain its corporate status and ability to conduct its business in these states. The Debtor's records indicate that, as of the Petition Date, the Debtor is current on its Franchise Taxes in Delaware, but owes Franchise Taxes to the Illinois Department of Revenue subject to completion and filing of the Debtor's 2020 Illinois state tax return. The Debtor estimates its outstanding unpaid amount of Franchise Taxes is approximately $750.00.

7.   The Debtor seeks authority, but not direction, to continue to pay or fund the Franchise Taxes as necessary in the ordinary course of business during this Case.

### B. Income Taxes

8.   Certain of the Taxing Authorities require that the Debtor pay income or corporate taxes on net income (*i.e.*, the difference between gross receipts, expenses, and additional write-offs) ("**Income Taxes**"). Since the Debtor was formed in 2020, it has not yet filed its 2020 income tax returns, but the Debtor is required to pay, when due, Income Taxes on an annual basis. The Debtor intends to file its 2020 returns for the Income Taxes within the next 7 days, with 2020 Income Taxes to be paid by the end of 2021. The Debtor anticipates paying any Income Taxes owed, but the amount of the Debtor's Income Taxes (if any) will not be known until the returns are filed.

9.   The Debtor therefore seeks authority, but not direction, to continue to pay or fund the Income Taxes necessary in the ordinary course of business during this Case

### C. Unemployment Taxes & Employee Deductions

10. The Debtor is also responsible for paying certain federal and state unemployment taxes under federal and state unemployment tax laws (the "***Unemployment Taxes***") in the ordinary course of its business. The Debtor pays the Unemployment Taxes through its payroll service, and all amounts owed or outstanding as of the Petition Date are held by the Debtor's payroll servicer. The Debtor is seeking authority, but not direction, to continue this practice for paying outstanding Unemployment Taxes as they come due.

11. The Debtor also routinely withholds from its employees' payroll amounts it is required to remit to various federal, state, and local taxing authorities and other governmental agencies (the "***Employee Deductions***"). Examples of Employee Deductions include: Social Security Taxes; federal, state, and local income taxes; wage garnishments; and other court-ordered deductions. These taxes and other deduction obligations are usually calculated based on statutorily-mandated percentages of earned wages.

12. With respect to Social Security Taxes, the Debtor has an outstanding amount owed to the Internal Revenue Service for approximately $12,987.74 on account of deferred deposits and payment of Social Security Taxes, as allowed for under the Coronavirus, Aid, Relief and Economic Security Act (CARES Act). The Debtor must pay half of this outstanding amount by the end of 2021.

13. The Debtor has historically paid all Employee Deductions, and by this motion, the Debtor seeks authority to continue doing so, and forward any outstanding prepetition Employee Deductions to the appropriate parties.

### D. Sales Taxes

14. The Debtor is required to pay, when due, certain sales taxes for ecommerce sales made directly to consumers (the "***Sales Taxes***"). The Debtor collects sales tax from consumers through its ecommerce business and pays Sales Taxes to the Illinois Department of Revenue. The Sales Taxes are paid on a monthly basis in arrears. As of the Petition Date, the Debtor's

3

outstanding amount of unpaid Sales Taxes is approximately $373.99.

15. By this Motion, the Debtor seeks authority to continue this practice for outstanding Sales Taxes as they come due.

**PAYMENT OF THE TAXES IS IN THE BEST INTERESTS OF THE ESTATE & THE MOTION SHOULD BE GRANTED**

16. Paying the Taxes in the ordinary course of business is necessary and appropriate in the Case. Among other things: (a) some of the Taxes are not property of the estate under § 541(a) of the Bankruptcy Code; (b) paying the Taxes will avoid distracting and costly audits, liens, or other enforcement actions while the Debtor focuses on its business and obligations in Chapter 11; (c) the Debtor's directors and officers may be held personally liable for the non-payment of certain Taxes; and (d) certain Authorities may take precipitous actions against the Debtor's directors and officers for unpaid Taxes, which would distract the Debtor from its efforts to administer this Case.

**A. Some of the Taxes may not Be Property of the Debtor's Estate**

17. Section 541(d) of the Bankruptcy Code provides that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

18. Some of the Taxes constitute "trust fund" taxes, which the Debtor is required to collect or hold in trust for payment to Taxing Authorities. Courts have held that trust fund taxes are not part of a debtor's estate. See, e.g., *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding certain taxes, such as excise, FICA, and withholding taxes are property held by the debtor in trust for another and are not property of the estate); *Rosenow v. Ill. Dep't of Revenue (In re Rosenow)*, 715 F.2d 277, 279-82 (7th Cir. 1983) (holding sales tax required by state law to be collected by sellers from customers is a "trust fund" tax not released by bankruptcy discharge); *see also DuCharmes & Co., Inc. v. Mich. (In re DuCharmes & Co.)*, 852

4

F.2d 194, 196 (6th Cir. 1988) (per curiam) (holding any prepetition payment of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's property); *Shank v. Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 833 (9th Cir. 1986); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985); *W. Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179 (11th Cir. 1983). The Debtor, therefore, generally does not have an equitable interest in such funds and property and should be permitted to remit them to Taxing Authorities as they become due.

### B. Taxes may Constitute Priority Claims Entitled to Special Treatment Under the Bankruptcy Code

19. Claims for some or all of the Taxes may be entitled to priority status under § 507(a)(8) of the Bankruptcy Code, which provides that certain tax claims are entitled to priority status. These claims include (a) unsecured claims of governmental units for taxes on or measured by income or gross receipts for a taxable year ending on before the Petition Date for which a return, if required, is last due after three years before the Petition Date, and which is assessed within 240 days before the Petition Date; (b) property taxes incurred before the Petition Date and last payable without penalty after one year before the Petition Date; and (c) taxes required to be collected or withheld and for which the debtor is liable in whatever capacity. See 11 U.S.C. § 507(a)(8)(A), (B), (C).

20. Furthermore, to the extent the Taxes are entitled to priority treatment under § 507(a)(8)(B), the relevant governmental unit may attempt to assess penalties against the Debtor. 11 U.S.C. § 507(a)(8)(G). And claims entitled to priority status under § 507(a)(8) must be paid in full to confirm a plan of reorganization under § 1129(a)(9)(c). Paying these Taxes (except for Income Taxes) now, therefore, will give the Taxing Authorities no more than what they otherwise would be entitled to receive under a Chapter 11 plan. In fact, payment at this time could save the Debtor's estate interest expense, legal expense, and penalties that might otherwise accrue during the Case. The Debtor therefore submits that paying the Taxes now only

affects the timing of its payment and does not unduly prejudice the rights of other creditors.

    **C. Bankruptcy Code § 363 Provides Authority for the Immediate Payment of the Taxes**

21. Section 363 of the Bankruptcy Code provides authority for the Debtor, as debtor in possession operating its business, to pay the Taxes when they come due. Section 363(c)(1) provides that a debtor in possession "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).

22. The Bankruptcy Code does not define the "ordinary course of business." *In re Commercial Mortg. and Fin. Co.*, 414 B.R. 389, 393 (Bankr. N.D. Ill. 2009). Courts in this district apply the "reasonable expectations" test to determine whether a specific transaction is in the ordinary course of business. *Id. (citing In re Garofalo's Finer Foods, Inc.*, 186 B.R. 414, 424 (Bankr. N.D. Ill. 1995)). Under the reasonable expectations test, the Court must analyze the Debtor's prepetition conduct as a means of informing and developing expectations of its postpetition conduct while considering the changing circumstances inherent in the Debtor's efforts to operate in Chapter 11. Id. The test seeks to discern "any significant alterations" in a debtor's prepetition and postpetition activities. Id. at 393-94. A fundamental characteristic of an "ordinary" postpetition business transaction is its similarity to a prepetition business practice. Id. at 394.

23. Here, the Debtor seeks authority only to pay the Taxes in the ordinary course of business to the same extent it would have prepetition. Because there are no "significant alterations" between the Debtor's prepetition activities and the relief sought in this Motion, the Debtor submits that this Court should authorize payment of the Taxes in the ordinary course of business.

24. Alternatively, § 363(b) of the Bankruptcy Code authorizes bankruptcy courts,

after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts generally hold that a debtor's decision to enter into a transaction outside of the ordinary course of business is governed by the business judgment rule. *See Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting the criteria for approving a transaction under § 363(b) is whether the debtor has "an articulated business justification" for doing so) (citation omitted).

25. Moreover, paying the Taxes represents a valid exercise of the Debtor's fiduciary duties. As a debtor in possession, the Debtor is a fiduciary for creditors. Ample authority exists to allow payment of taxes, as courts have generally acknowledged that it is appropriate to authorize the payment (or other special treatment) of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going concern value. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (noting that where sound business reasons are demonstrated, including preservation of debtor's business and protection of ability to reorganize, payment of prepetition wages, salaries, and business expenses is justified); *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this [fiduciary] duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").

26. Even if the Taxes do not qualify for priority status, the Debtor's failure to pay the Taxes could materially and adversely impact its business operations and threaten these Case in several ways. First, the Taxing Authorities could initiate additional audits of the Debtor or prolong existing audits, which would unnecessarily divert the Debtor's focus and attention from the tasks required by the Chapter 11 process at a critical time for its businesses. Second, the Taxing Authorities may attempt to suspend the Debtor's operations, file liens, seek relief from the automatic stay, or pursue other remedies that would be both administratively burdensome to the Debtor's estate, and may also have disastrous consequences for the Debtor's orderly winddown of its business operations. Third, the Debtor's failure to pay such Taxes to the Taxing

7

Authorities could cause the Debtor to incur late fees, penalties, and other charges.

27. In short, because the Taxes are likely (a) not property of the estate, (b) claims entitled to priority under § 507(a)(8), and (c) because non-payment of the Taxes may subject the Debtor to audits and its directors and officers to potentially distracting lawsuits, there can be little doubt that paying Taxes on a current basis, particularly when most (if not all) of these obligations have priority status, is a reasonable exercise of the Debtor's business judgment. *See, e.g., In re Caesars Entertainment Operating Co.*, Case No. 15-01145 (Bankr. N.D. Ill. March 6, 2015) (authorizing debtor to pay taxes and fees in the ordinary course of business); *In re Glazed Invs., LLC*, Case No. 06-00932 (Bankr. N.D. Ill. Feb. 7, 2006) (authorizing debtors to pay prepetition taxes under § 363(b)(1) of the Bankruptcy Code); *In re McLeod USA Inc.*, No. 05-63230 (Bank. N.D. Ill. Oct. 31, 2005); *In re JII Liquidating Inc. (f/k/a/ Jernberg Indus., Inc.)*, No. 05-25909 (Bankr. N.D. Ill. July 5, 2005).

28. Courts in this and other districts have routinely authorized debtors to pay similar taxes in other Chapter 11 cases. *See, e.g., In re ITR Concession Co.*, No. 14-34284 (PSH) (Bankr. N.D. Ill. Oct. 28, 2014); *In re Edison Mission Energy*, No. 12-49219 (Bankr. N.D. Ill. Jan. 17, 2013); *In re Hartford Computer Hardware, Inc.*, No. 11-49744 (Bankr. N.D. Ill. Dec. 15, 2011); *In re Gas City, Ltd.*, No. 10-47879 (Bankr. N.D. Ill. October 27, 2010). The Debtor submits that similar relief is warranted in this Case.

### WAIVER OF BANKRUPTCY RULES 6004(a) & (h)

29. To implement the relief sought here successfully, the Debtor also requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### RESERVATION OF RIGHTS

30. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's

8

property; (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease under Bankruptcy Code § 365; or (f) a limitation on the Debtor's rights under Bankruptcy Code § 365 to assume or reject any executory contract or unexpired lease with any party, subject to the provisions of any orders entered by this Court granting the relief requested by this Motion. Nothing contained in the proposed orders attached to this Motion shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

### NOTICE & NO PRIOR REQUEST

31. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Northern District of Illinois; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) the Sub V Trustee; (d) the Taxing Authorities; (e) counsel to 550 St. Clair Retail Associates, LLC; (f) counsel to Novack & Macey LLP; and (g) any party that requests service pursuant to Bankruptcy Rule 2002.The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

32. No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order, substantially in the same form attached to this Motion: (a) granting the relief requested in this Motion; and (b) any other further relief the Court deems appropriate under the circumstances.

Date: October 29, 2021

*Golden Fleece Beverages, Inc.*

By: /s/ Jonathan Friedland
      One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*