UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

### NOTICE OF MOTION

*Please take notice* that on **Wednesday, November 24, 2021, at 10:00 a.m. C.T.** the undersigned will appear before the Honorable David D. Cleary, or any judge sitting in his place, and present the *Debtor's Application to Employ Sugar Felsenthal Grais & Helsinger LLP as Counsel for the Debtor Retroactive to the Petition Date*, a copy of which is attached here.

**This application will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard at the hearing, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1.669.254.5252 or 1.646.828.7666. then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The Meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this application** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the application will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the application in advance without a hearing.

Date: October 29, 2021

*Golden Fleece Beverages, Inc.*

By:  /s/ Jonathan Friedland
  One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*

### CERTIFICATE OF SERVICE

I, Jack O'Connor, an attorney, certify that I caused a copy of the attached notice of motion and the motion to which it refers to be serve upon each entity shown on the attached list at the address shown and by the method indicated on the list on October 29, 2021.

Date: October 29, 2021                By:   /s/ Jack O'Connor

### Service List

*Via CM/ECF*

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Neema T Varghese
NV Consulting Services
701 Potomac, Ste 100
Naperville, IL 60565
nvarghese@nvconsultingservices.com

*Via U.S. Mail*

550 St. Clair Retail Associates, LLC
Attn: William Dallas, Steve Dallas
c/o Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602

Arrow Trans
Attn: Monika Saida
2001 Estes Ave
Elk Grove Village, IL 60007

C.H. Robinson Company, Inc.
Attn: Nick Foglton
14701 Charlson Road
Eden Prairie, MN 55347

Clark Hill PLC
Attn: Megan Berry
901 Main Street
Suite 6000
Dallas, TX 75202

Clutch Global Logistics
Attn: Angela Maslanka
555 Waters Edge, Suite 150
Lombard, IL 60148

Coyote Logistics
Attn: Tommy Cox
2545 W Diversey Ave
Chicago, IL 60647

DevTech PET, Inc
Attn: Maggie Mahony
12 Howe Drive
Amherst, NH 03031

First Logistics Management Svc.
Attn: Don Worth
11859 S Central Ave
Alsip, IL 60803

Global Plastics
Attn: Stacy Cooper
6739 Guion Road
Indianapolis, IN 46268

Greco and Sons
c/o Rauch-Milliken International, Inc
4400 Trenton Street
Metairie, LA 70006

Imperial Bag & Paper Co.
Attn: Rich Laurendeau
255 Route 1 & 9
Jersey City, NJ 07306

Levenfeld Pearlstein
Attn: Jennifer Larkin
2 N LaSalle Street, Suite 1300
Chicago, IL 60602

O-I Packaging Solutions
Attn: Earneshe Young
5200 Tennyson Pkwy
Suite 100
Plano, TX 75024

Sleeve Seal
Attn: Jennifer Bailey
14000 Dineen Drive
Little Rock, AR 72206

Stapleton Spence Packing Co.
Attn: Brad Stapleton
1900 Hwy 99
Gridley, CA 95948

Tate & Lyle Food & Beverage Solutions
Attn: Kelly O'Bryan
2200 E Eldorado Street
Decatur, IL 62521

Total Quality Logistics
Attn: Aliosman Youssein
700 Butterfield Road, Suite 250
Lombard, IL 60148

Verizon Media Inc.
Attn: Brenda Davenport
14010 FNB Parkway
Omaha, NE 68154

Wilson Sonsini Goodrich & Rosati PC
Attn: Barbara McKnew
650 Page Mill Road
Palo Alto, CA 94304

Novack and Macey LLP
Attn: Mitchell Marinello, Laura Jennings
100 N. Riverside Plaza
Chicago, IL 60606

Walgreens
Attn: Robert Andalman
c/o A & G Law LLC
542 South Dearborn St., 10th Flr.
Chicago, IL 60605

Greg Wasson
Attn: Amy C. Andrews, Thomas Quinn
c/o Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

SYSCO
1390 Enclave Pkwy
Houston, TX 77077

Kwik Trip
c/o CT Corporation System (reg'd agent)
208 S. LaSalle St.
Chicago, IL 60604

JP Morgan Chase Bank NA
Attn: Bankruptcy
PO Box 6185
Westerville, OH 43086

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**DEBTOR'S APPLICATION TO EMPLOY SUGAR FELSENTHAL GRAIS & HELSINGER LLP AS COUNSEL FOR THE DEBTOR RETROACTIVE TO THE PETITION DATE**

Golden Fleece Beverages, Inc., the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***") submits this application (the "***Application***") for entry of an order granting relief under §§ 327(a), 328, 329, 330, 507 and 1184 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2014(a), 2016, 5002 and 6003 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") authorizing the Debtor to retain and employ the attorneys and paraprofessionals of the law firm of Sugar Felsenthal Grais & Helsinger LLP ("***SFGH***") as attorneys for the Debtor, retroactive to October 15, 2021, the petition date in this Case. In support of this Application, the Debtor submits the Declaration of Jonathan P. Friedland (the "***Friedland Declaration***"), attached here as **Exhibit A**. In further support of this Application, the Debtor states:

**JURISDICTION & VENUE**

1.      This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought in this Application are Bankruptcy Code §§ 327(a), 328, and 1184; Bankruptcy Rule 2014(a); and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "***Local Rules***").

**BACKGROUND**

2.      The Debtor filed this Case on October 27, 2021 (the "***Petition Date***"). (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession under §§ 1182 and 1184 of the Bankruptcy Code. Neema Varghese has been appointed Subchapter V Trustee for the

1

Case (the "**Sub V Trustee**"). (Dkt. 9).

3.  A more complete description of the Debtor's business and history is set forth in the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition & First Day Relief* (the "**First Day Declaration**"). (Dkt. 4).

### THE DEBTOR'S RETENTION OF SFGH

4.  The Debtor retained SFGH on September 10, 2021, as memorialized by an engagement agreement (the "**Bankruptcy Engagement Agreement**") between the Debtor and SFGH for SFGH to represent the Debtor in preparing for and filing this Case, and representing the Debtor as it as primary counsel during this Case. A true and correct copy of the Bankruptcy Engagement Agreement is attached to the Friedland Declaration as Exhibit 1.

5.  Under the Bankruptcy Engagement Agreement, SFGH was paid a total of $100,000 as an advance payment retainer (the "**Retainer**"). SFGH applied the Retainer prepetition to its outstanding fees and expenses, and the outstanding unapplied balance of the Retainer as of the Petition Date is $0.00.[1]

6.  The Debtor also executed two Addenda to the Bankruptcy Engagement Agreement (collectively the "**Addenda**"), dated October 14, 2021, and October 26, 2021, respectively, agreeing to pay a postpetition retainer of $70,000 to SFGH, to be held in escrow pending interim approval of SFGH's fees by the Court, from the proceeds of the Debtor's proposed DIP Loan. *See* (Dkt. 11). True and correct copies of the Addenda are attached the Friedland Declaration as Exhibit p2.

7.  The Debtor now files this Application seeking to retain and employ SFGH as its counsel in this Case, retroactive to the Petition Date. The Debtor believes that its continued representation by SFGH in this Case is particularly appropriate because of SFGH's familiarity with the Debtor, its business and capital structure, and because SFGH's insolvency professionals

---

[1] As discussed at paragraph 21 below, after applying the Retainer, SFGH is owed a balance of $9,999.99, as allowed by 11 U.S.C. § 1195.

have extensive experience in the areas of debtor and creditor rights and remedies in insolvency and reorganization matters generally; and under the Bankruptcy Code in particular.

### I. Services to Be Provided

8. The services to be rendered by SFGH include:

    (a) advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its business and property;

    (b) attending meetings and negotiating with creditor representatives and other parties in interest, and advising and consulting on the conduct of the Case, including all of the legal and administrative requirements of operating in Chapter 11 under Subchapter V;

    (c) working with the Subchapter V trustee to successfully reorganize the Debtor's estate;

    (d) taking appropriate action to protect and preserve the Debtor's assets, including prosecuting actions on behalf of the Debtor's estate, defending actions commenced against the Debtor's estate, negotiating any litigation in which the Debtor may be involved, and objections to claims filed against the Debtor's estate;

    (e) preparing motions, applications, answers, orders, reports, papers and other pleadings necessary to administer the Debtor's estate;

    (f) advising the Debtor with respect to its executory contracts and unexpired leases, and seeking court approval to assume or reject each, as appropriate;

    (g) appearing before the Bankruptcy Court or other courts to assert or protect the interests of the Debtor and its estate; and

    (h) performing other legal services for the Debtor that may be necessary and proper in connection with this Case.

9. Accordingly, the Debtor submits that it is necessary and appropriate that SFGH be employed as its counsel to render these services. SFGH has indicated willingness to act on the Debtor's behalf and render these services.

### II. SFGH's Qualifications

10. The Debtor has selected SFGH as its counsel because of the extensive expertise of

3

SFGH's attorneys in the fields of debtor and creditor law and business reorganizations under Chapter 11 of the Bankruptcy Code, as more fully set forth in the Friedland Declaration and its attachments.

11. Attorneys at SFGH are also suited to serving as the Debtor's counsel because they have become familiar with the Debtor's business affairs and capital structure. SFGH's knowledge, expertise, and necessary background to deal effectively with many of the legal issues that may arise in the context of bankruptcy cases will enable it to work in an efficient and cost-effective manner on behalf of the Debtor's estate.

### III. Compensation

12. Under § 328(a) of the Bankruptcy Code, the Court may approve SFGH's retention on any reasonable terms. The Debtor submits that the terms and conditions agreed to between SFGH and the Debtor, as detailed in the Bankruptcy Engagement Letter, this Application, and the Friedland Declaration, are indeed reasonable. Subject to the Court's approval, SFGH will charge for its legal services on an hourly basis.

13. The hourly rates set forth below are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from SFGH may also provide services to the Debtor in connection with the matters described in this Application, from time to time, at rates ranging between $350 and $600 per hour for attorneys, and between $50 and $300 per hour for law clerks and paralegals.

| Professional | Title | Years Experience | Hourly Rate |
|---|---|---|---|
| Jonathan P. Friedland | Senior Partner | 26 | $600 |
| Mark S. Melickian | Partner | 25 | $600 |
| John (Jack) R. O'Connor | Partner | 10 | $500 |
| Kathryn Nadro | Partner | 9 | $500 |
| David M. Madden | Counsel | 17 | $450 |
| Hajar Jouglaf | Associate | 3 | $350 |

14. The Debtor has also agreed to reimburse SFGH, subject to the Court's approval, for permissive, actual, and necessary out of pocket expenses incurred by SFGH on the Debtor's behalf, including: offsite photocopying and mailing services by third party vendors, messenger or overnight delivery, third party conference calls, filing fees, title charges, and fees of expert witnesses, court reporters. SFGH will charge for these expenses in a manner and at rates consistent with charges made generally to SFGH's other clients. SFGH will make every effort to minimize expenses in this Case.

15. The Debtor requests that all legal fees and related costs incurred by the Debtor on account of services rendered by SFGH in this Case be allowed and paid as administrative expenses of the Debtor's estate according to the Bankruptcy Code and applicable orders entered in this Case. SFGH will seek Court approval of its compensation and reimbursement of its actual and necessary expenses, and other charges incurred by SFGH upon the filing of appropriate applications for interim and final compensation and reimbursement under Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, and the Local Rules.

### IV. SFGH is a Disinterested Person

16. Except as disclosed here or in the Friedland Declaration, SFGH has not represented the Debtor, its creditors, any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate.

17. SFGH previously served as counsel to Argo Tea, Inc. and its wholly owned subsidiaries (collectively, "*Argo*"). In that role, SFGH negotiated with certain creditors of Argo, defended citations to discover assets against Argo, and represented Argo in connection with the UCC Article 9 foreclosure by, and subsequent sale to, the Debtor. As a final matter, on behalf of Argo, SFGH prepared a transition services agreement between Argo and the Debtor. SFGH's representation of Argo concluded in March 2020.

18. As set forth in the Friedland Declaration, SFGH has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by

Bankruptcy Code § 504.

19. SFGH is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14) because SFGH, its partners, counsel, and associates:

(a) are not creditors, equity security holders, or insiders of the Debtor;

(b) are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtor; and

(c) do not have an interest materially adverse to the interests of the Debtor's estate or any class of the Debtor's creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

20. Following application of the entire amount of the Retainer, SFGH had an outstanding balance of about $15,000 to $20,000 owed to it by the Debtor immediately before the commencement of the chapter 11 case. SFGH agreed to write off all amounts owed in excess of $9,999.99.

21. SFGH has also informed the Debtor that if any of the statements and representations in this Application or the Friedland Declaration change during the course of this Case, SFGH will amend the Application or the Friedland Declaration, as applicable.

### NOTICE & NO PREVIOUS REQUEST

22. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Northern District of Illinois; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) the Sub V Trustee; (d) the Taxing Authorities; (e) counsel to 550 St. Clair Retail Associates, LLC; (f) counsel to Novack & Macey LLP; and (g) any party that requests service pursuant to Bankruptcy Rule 2002.

### CONCLUSION

*Wherefore*, the Debtor requests that the Court enter an order, substantially in the form attached to this Application, retaining and employing the attorneys and paraprofessionals of SFGH as counsel for the Debtor, retroactive to the Petition Date; and any other further relief the Court deems appropriate under the circumstances.

Date: October 29, 2021

*Golden Fleece Beverages, Inc.*  *Golden Fleece Beverages, Inc*

By: /s/ Candace MacLeod
    Candace MacLeod, President

By: /s/ Jonathan Friedland
    One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
jfriedland@SFGH.com
joconnor@SFGH.com
mmelickian@SFGH.com

*Proposed Counsel to the Debtor*

7