# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**NOTICE OF MOTION**

*Please take notice* that on **Wednesday, November 17, 2021, at 10:00 a.m. C.T.** the undersigned will appear before the Honorable David D. Cleary, or any judge sitting in his place, and present the *Debtor's Motion for Administrative Order Establishing Procedures for Interim Compensation & Reimbursement of Expenses of Professionals*, a copy of which is attached here.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard at the hearing, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1.669.254.5252 or 1.646.828.7666. then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**.The Meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Date: October 29, 2021 *Golden Fleece Beverages, Inc.*

By:   /s/ Jonathan Friedland
        One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*

2

### CERTIFICATE OF SERVICE

I, Jack O'Connor, an attorney, certify that I caused a copy of the attached notice of motion and the motion to which it refers to be serve upon each entity shown on the attached list at the address shown and by the method indicated on the list on October 29, 2021.

Date: October 29, 2021                By:   /s/ Jack O'Connor

## Service List

*Via CM/ECF*

| | |
|---|---|
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604<br>USTPRegion11.ES.ECF@usdoj.gov | Neema T Varghese<br>NV Consulting Services<br>701 Potomac, Ste 100<br>Naperville, IL 60565<br>nvarghese@nvconsultingservices.com |

*Via U.S. Mail*

| | |
|---|---|
| 550 St. Clair Retail Associates, LLC<br>Attn: William Dallas, Steve Dallas<br>c/o Regas, Frezados & Dallas LLP<br>20 N. Clark St., Ste. 1103<br>Chicago, IL 60602 | Global Plastics<br>Attn: Stacy Cooper<br>6739 Guion Road<br>Indianapolis, IN 46268 |
| Arrow Trans<br>Attn: Monika Saida<br>2001 Estes Ave<br>Elk Grove Village, IL 60007 | Greco and Sons<br>c/o Rauch-Milliken International, Inc<br>4400 Trenton Street<br>Metairie, LA 70006 |
| C.H. Robinson Company, Inc.<br>Attn: Nick Foglton<br>14701 Charlson Road<br>Eden Prairie, MN 55347 | Imperial Bag & Paper Co.<br>Attn: Rich Laurendeau<br>255 Route 1 & 9<br>Jersey City, NJ 07306 |
| Clark Hill PLC<br>Attn: Megan Berry<br>901 Main Street<br>Suite 6000<br>Dallas, TX 75202 | Levenfeld Pearlstein<br>Attn: Jennifer Larkin<br>2 N LaSalle Street, Suite 1300<br>Chicago, IL 60602 |
| Clutch Global Logistics<br>Attn: Angela Maslanka<br>555 Waters Edge, Suite 150<br>Lombard, IL 60148 | O-I Packaging Solutions<br>Attn: Earneshe Young<br>5200 Tennyson Pkwy<br>Suite 100<br>Plano, TX 75024 |
| Coyote Logistics<br>Attn: Tommy Cox<br>2545 W Diversey Ave<br>Chicago, IL 60647 | Sleeve Seal<br>Attn: Jennifer Bailey<br>14000 Dineen Drive<br>Little Rock, AR 72206 |
| DevTech PET, Inc<br>Attn: Maggie Mahony<br>12 Howe Drive<br>Amherst, NH 03031 | Stapleton Spence Packing Co.<br>Attn: Brad Stapleton<br>1900 Hwy 99<br>Gridley, CA 95948 |
| First Logistics Management Svc.<br>Attn: Don Worth<br>11859 S Central Ave<br>Alsip, IL 60803 | Tate & Lyle Food & Beverage Solutions<br>Attn: Kelly O'Bryan<br>2200 E Eldorado Street<br>Decatur, IL 62521 |

Total Quality Logistics
Attn: Aliosman Youssein
700 Butterfield Road, Suite 250
Lombard, IL 60148

Verizon Media Inc.
Attn: Brenda Davenport
14010 FNB Parkway
Omaha, NE 68154

Wilson Sonsini Goodrich & Rosati PC*
Attn: Barbara McKnew
650 Page Mill Road
Palo Alto, CA 94304

Novack and Macey LLP
Attn: Mitchell Marinello, Laura Jennings
100 N. Riverside Plaza
Chicago, IL 60606

Greg Wasson
Attn: Amy C. Andrews, Thomas Quinn
c/o Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

SYSCO
1390 Enclave Pkwy
Houston, TX 77077

Kwik Trip
c/o CT Corporation System (reg'd agent)
208 S. LaSalle St.
Chicago, IL 60604

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION & REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Golden Fleece Beverages, Inc., the debtor and debtor in possession (the "***Debtor***") in the above-captioned Chapter 11 case (the "***Case***"), through counsel, submits this motion (the "***Motion***") requesting an order establishing an orderly and regular process for allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals retained in the Case under §§ 327, 328, or 1103 of the Bankruptcy Code, and who are required to file applications for allowance of compensation and reimbursement of expenses under §§ 330 and 331 of the Bankruptcy Code (the "***Interim Compensation Procedures***"). In support of the Motion, the Debtor states:

**JURISDICTION & VENUE**

1.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Application are §§ 105(a), 327, 328, 330, and 331 of title 11 of the United States Code (the "***Bankruptcy Code***"), and rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

**BACKGROUND**

2.      The Debtor filed for Chapter 11 bankruptcy protection on October 27, 2021 (the "***Petition Date***"). The Debtor is operating its business as debtor in possession under §§ 1182 and 1184 of the Bankruptcy Code, and Neema Varghese has been appointed as subchapter V trustee for this case (the "***Sub V Trustee***"). *See* (Dkt. 9). A more complete description of the

Debtor's business and history is set forth in the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition & First Day Relief*. (Dkt. 4).

3. Contemporaneously with this Motion, the Debtor is seeking to retain various professionals in this Case, and may seek to employ additional professionals in this Case in the future who will be retained and employed under Bankruptcy Code §§ 327(a), 327(e), or 328(a) of the Bankruptcy Code (the "**Professionals**"), and will be subject to submitting interim and final applications for payment of fees and reimbursement of expenses according to §§ 330 and 331 of the Bankruptcy Code.

4. To date, the Professionals include:

| Professional | Role | Employment Approved/Pending | Date of Approval (Dkt. No.) |
| --- | --- | --- | --- |
| Sugar Felsenthal Grais & Helsinger LLP | Counsel to Debtor | Pending | Pending |

5. By this Motion, the Debtor requests that the Court enter an administrative order, substantially in the form attached to this Motion, authorizing and establishing the Interim Compensation Procedures proposed below, allowing for the compensation and reimbursement of the Professionals on a monthly basis comparable to similar procedures established in chapter 11 cases of similar size and complexity.

**RELIEF REQUESTED**

**A. Proposed Interim Compensation Procedures**

6. The Debtor proposes that the Court enter an order incorporating the following procedures governing payment of professional compensation and expense reimbursement, which will provide an effective and efficient means of compensating the Professionals in this Case:

> (a) Each Professional seeking interim compensation and expense reimbursement may serve a monthly invoice (the "**Monthly Statement**") for the preceding month (the "**Compensation Period**") on the following parties (collectively, the "**Notice Parties**") via email correspondence or first class U.S. Mail:
>
> ***Debtor's Counsel***          ***Sub V Trustee***

2

| | |
|---|---|
| **Sugar Felsenthal Grais & Helsinger LLP**<br>Attn: Jonathan Friedland &<br>Jack O'Connor<br>30 N. LaSalle St., Ste. 3000<br>Chicago, IL 60602<br>jfriedland@sfgh.com<br>joconnor@sfgh.com | **Neema T. Varghese**<br>c/o NV Consulting Services<br>701 Potomac, Ste. 100<br>Naperville, IL 60565<br>nvarghese@nvconsultingservices.com |
| *Office of the U.S. Trustee*<br>Attn: Jeffrey Gansberg<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604<br>jeffrey.l.gansberg@usdoj.gov | *DIP Lenders*<br>Attn: Gerald Muizelaar, Agent<br>2045 W Grand Ave Ste B<br>PMB 82152<br>Chicago, IL 60612<br>gerald@wassonenterprise.com |

(b) Each Professional submitting a Monthly Statement covering the Compensation Period beginning on the Petition Date and ending November 30, 2021, may submit such Monthly Statement on or before the later of (i) December 31, 2021; or (ii) 10 days following entry of an order approving such Professional's employment.

(c) Beginning with the Compensation Period ending December 31, 2021, each Monthly Statement will be due on or before the 15th day of each calendar month following the end of the preceding Compensation Period.

(d) Unless otherwise ordered by the Court, each Monthly Statement should comply with the timekeeping and detail requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable law.

(e) Each Notice Party will have 10 days after being served with a Professional's Monthly Statement to object to the relevant Monthly Statement (the "***Objection Deadline***"). For purposes of clarity, passage of the Objection Deadline for any Monthly Statement is not a waiver of any party's right to object to a Professional's interim or final fee applications, as further described at paragraph (n) below.

(f) Upon the expiration of the Objection Deadline, the Debtor (or a third party using non-estate assets) will be authorized to pay each Professional an amount (the "***Actual Monthly Payment***") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the Monthly Statement (the "***Maximum Monthly Payment***"); or (ii) 80% of the fees and 100% of the expenses not subject to an Objection under subparagraph (g) below.

(g) If any Notice Party objects to a Professional's Monthly Statement, the objecting Notice Party must file with the Court, and serve a written objection (the "***Objection***") on the affected Professional and all other Notice Parties, which must be received by the affected Professional and the Notice Parties on or before the Objection Deadline. The Objection must clearly state (i) the total amount of fees the objecting party objects to; (ii) the total amount of expenses the objecting

3

party asserts should not be allowed; and (iii) detailed explanations identifying entries the objecting party asserts should not be allowed, and the reasoning supporting the Objection to these entries.

(h) An objecting party and the affected Professional may resolve any Objection on a consensual basis. If the parties cannot reach a resolution of an Objection within 10 days after the Objection is served on the Professional, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "***Incremental Amount***"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(i) For purposes of clarity, in the event an Objection is raised to a Monthly Statement, each Professional's Actual Monthly Payment is authorized to be paid without delay, but only after verification of the amount of the Actual Monthly Payment by the Debtor in consultation with the other Notice Parties.

(j) Beginning with the period ending January 31, 2022, and at three-month intervals afterward, or at such other intervals convenient to the Court, each of the Professionals may file with the Court, and serve to the Notice Parties, an interim application ("***Interim Fee Application***") for Court approval and allowance, under § 331 of the Bankruptcy Code, for compensation and reimbursement of expenses sought in the Monthly Applications filed in respect of such three-month period (the "***Interim Fee Period***").

(k) Each Interim Fee Application must include copies of the Monthly Statements that are the subject of the Interim Fee Application, and any other information requested by the Court or required by the Bankruptcy Rules or Local Rules.

(l) The pendency of an Objection to allowance and payment of compensation or reimbursement of expenses will not disqualify a Professional from future payments for compensation or reimbursement of expenses in connection with subsequent Monthly Statements.

(m) Neither (i) the payment of, or the failure to pay, in whole or part, monthly interim compensation and reimbursement of expenses; nor (ii) the filing of, or failure to file, an Objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.

(n) Notice of any Professional's interim or final fee applications need only be made on (i) the Notice Parties; and (ii) parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.

4

7. As noted in the proposed Interim Compensation Procedures, the Debtor requests that the Court limit the notice of interim and final fee applications to the Notice Parties and parties who have appeared in the Case. The Debtor submits that this is appropriate under the circumstances because such notice of interim and final applications will reach the parties most active in this Case, and will save the expense of undue duplication and mailings to the Debtor's numerous creditors.

8. To the extent paid by the Debtor, the Debtor will include all payments made to Professionals according to the Interim Compensation Procedures in its monthly operating reports, identifying the amount paid to each of the Professionals.

**B. The Interim Compensation Procedures Should Be Approved to Facilitate the Effective Administration of this Case**

9. Bankruptcy Code § 331 provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. . . .

11 U.S.C. § 331.

10. Bankruptcy Code § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules. . . .

11 U.S.C. § 105(a).

11. Appropriate factors to consider when establishing compensation procedures include "the size of [the] reorganization cases, the complexity of the issues included, and the time required on the part of the attorneys for the Debtor in providing services necessary to achieve a successful reorganization of the Debtor." *See e.g. In re International Horizons, Inc.*,

5

10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

12. The Interim Compensation Procedures will enable the Professionals to receive timely payment of fees and expense reimbursement, while allowing the Court, the U.S. Trustee and other parties in interest to effectively monitor the Professionals' fees and expenses incurred in this Case.

13. The proposed Interim Compensation Procedures will encourage Professionals to provide timely and necessary services in connection with this Case with less risk that the Professionals fund the Case. *See e.g. In re Mariner Post-Acute Network, Inc.,* 257 B.R. 723, 727-28 (Bankr. D. Del. 2000) (noting that the large quantity of time likely to be invested by professionals might place the professionals under an intolerable burden and significant economic disadvantage if forced to wait for payments every four months).

14. The Debtor therefore submits that, considering these factors, the proposed Interim Compensation Procedures are appropriate, and should be established in this Case.

**NOTICE & NO PRIOR REQUEST**

15. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Northern District of Illinois; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) the Sub V Trustee; (d) counsel to 550 St. Clair Retail Associates, LLC; (e) counsel to Novack & Macey LLP; and (f) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given. The Debtor will provide such additional notice as may be required and appropriate in advance of the final hearing on this matter.

16. No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

*Wherefore*, the Debtor requests that the Court enter an order substantially in the form attached to this Motion: (i) approving the Interim Compensation Procedures as described in the Motion; and (ii) granting any other further relief the Court deems appropriate under the circumstances.

Date: October 29, 2021  *Golden Fleece Beverages, Inc.*

By: /s/ Jonathan Friedland
 One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

*Proposed Counsel to the Debtor*