**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN FLEECE BEVERAGES, INC., | No. 21-12228 |
| Debtor. | Hon. David D. Cleary |

### NOTICE OF MOTION

TO:   See Attached List

**PLEASE TAKE NOTICE** that on **November 24, 2021, at 10:00 a.m.,** I will appear before the **Honorable David D. Cleary**, or any judge sitting in that judge's place, and present **Debtor's Application To Employ Cozen O'Connor As Its Substitute Bankruptcy Counsel And To Approve Compensation Arrangement**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

GOLDEN FLEECE BEVERAGES, INC.

By:   /s/ Peter J. Roberts
One of its proposed attorneys

Peter J. Roberts
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
P:  (312) 382-3100
F:  (312) 382-8910
proberts@cozen.com

LEGAL\55075573\2

# CERTIFICATE OF SERVICE

Peter J. Roberts an attorney, certifies that he caused to be served a true copy of **Debtor's Application To Employ Cozen O'Connor As Its Substitute Bankruptcy Counsel And To Approve Compensation Arrangement** upon the Electronic Mail Notice List through the ECF System (unless otherwise indicated) which sent notification of such filing via electronic means on November 10, 2021.

/s/ Peter J. Roberts

## Mailing Information for Case 21-12228

## Electronic Mail Notice List

- **Steven Mena Dallas**   stevend@rfd-law.com
- **Jonathan P Friedland**   jfriedland@sfgh.com, bkdocket@sfgh.com
- **Matthew T. Gensburg**   MGensburg@gcklegal.com
- **E. Philip Groben**   pgroben@gcklegal.com, bcervantes@gcklegal.com,rrodriguez@gcklegal.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Mark Melickian**   mmelickian@sfgh.com, joconnor@sfgh.com;mbrandess@sfgh.com;bkdocket@sfgh.com;bkdocket@sfgh.com
- **Kathryn C Nadro**   knadro@sfgh.com, bkdocket@sfgh.com
- **John R O'Connor**   joconnor@sfgh.com, bkdocket@sfgh.com
- **Neema T Varghese**   nvarghese@nvconsultingservices.com

## Manual Notice List

550 St. Clair Retail Associates, LLC
Attn: William Dallas, Steve Dallas
c/o Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602

Clark Hill PLC
Attn: Megan Berry
901 Main Street
Suite 6000
Dallas, TX 75202

Arrow Trans
Attn: Monika Saida
2001 Estes Ave
Elk Grove Village, IL 60007

Clutch Global Logistics
Attn: Angela Maslanka
555 Waters Edge, Suite 150
Lombard, IL 60148

C.H. Robinson Company, Inc.
Attn: Nick Foglion
14701 Charlson Road
Eden Prairie, MN 55347

Coyote Logistics
Attn: Tommy Cox
2545 W Diversey Ave
Chicago, IL 60647

DevTech PET, Inc
Attn: Maggie Mahony
12 Howe Drive
Amherst, NH 03031

First Logistics Management Svc.
Attn: Don Worth
11859 S Central Ave
Alsip, IL 60803

Global Plastics
Attn: Stacy Cooper
6739 Guion Road
Indianapolis, IN 46268

Greco and Sons
00 Rauch-Milliken International, Inc
440o Trenton Street
Metairie, LA 70006

Imperial Bag & Paper Co.
Attn: Rich Laurendeau
255 Route 1 & 9
Jersey City, NJ 07306

Levenfeld Pearlstein
Attn: Jennifer Larkin
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

O-I Packaging Solutions
Attn: Earneshe Young
5200 Tennyson Pkwy
Suite 100
Plano, TX 75024

Sleeve Seal
Attn: Jennifer Bailey
14000 Dineen Drive
Little Rock, AR 72206

Stapleton Spence Packing Co.
Attn: Brad Stapleton
1900 Hwy 99
Gridley, CA 95948

Tate & Lyle Food & Beverage Solutions
Attn: Kelly O'Bryan
2200 E Eldorado Street
Decatur, IL 62521

Total Quality Logistics
Attn: Aliosman Youssein
700 Butterfield Road, Suite 250
Lombard, IL 60148

Verizon Media Inc.
Attn: Brenda Davenport
14010 FNB Parkway
Omaha, NE 68154

Wilson Sonsini Goodrich & Rosati PC
Attn: Barbara McKnew
650 Page Mill Road
Palo Alto, CA 94304

Novack and Macey LLP
Attn: Mitchell Marinello, Laura Jennings
100 N. Riverside Plaza
Chicago, IL 60606

Walgreens
Attn: Robert Andalman
c/o A & G Law LLC
542 South Dearborn St., 10th Flr.
Chicago, IL 60605

Greg Wasson
Attn: Amy C. Andrews, Thomas Quinn
c/o Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

SYSCO
1390 Enclave Pkwy
Houston, TX 77077

Kwik Trip
c/o CT Corporation System (reg'd agent)
208 S. LaSalle St.
Chicago, IL 60604

3

JP Morgan Chase Bank NA
Attn: Bankruptcy
PO Box 6185
Westerville, OH 43086

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

4

LEGAL\55075573\2

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN FLEECE BEVERAGES, INC., | No. 21-12228 |
| Debtor. | Hon. David D. Cleary |

**DEBTOR'S APPLICATION TO EMPLOY COZEN O'CONNOR
AS ITS SUBSTITUTE BANKRUPTCY COUNSEL AND TO
APPROVE COMPENSATION ARRANGEMENT**

Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Fed. R. Bankr. P. 2014(a) and Local Rule 2091-1, Golden Fleece Beverages, Inc. ("Debtor") hereby requests the entry of an order approving the Debtor's retention of Robert M. Fishman, Peter J. Roberts and the law firm of Cozen O'Connor, as substitute bankruptcy counsel for Jonathan Friedland and the law firm of Sugar Felsenthal Grais & Helsinger, LLP (collectively, "SFGH") in connection with this chapter 11 case, and for approval of Cozen's proposed compensation arrangement. In support of this application ("Application"), the Debtor respectfully states as follows:

**Introduction**

1.      On October 27, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court"), thereby initiated the above-captioned bankruptcy case (the "Case").

2.      The Debtor manages and operates its business as a debtor-in-possession pursuant to sections 1182 and 1184 of the Bankruptcy Code.  Neema Varghese has been appointed as the Subchapter V Trustee for the Case.

3.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Proposed Employment of Counsel**

4.   The Debtor is unfamiliar with the substantive law and procedures relating to bankruptcy proceedings in general and chapter 11 of the Bankruptcy Code in particular. It is therefore in the best interest of the Debtor and the administration of this estate that the Debtor be authorized to retain competent and experienced attorneys to represent it in carrying out its duties as a debtor in possession.

5.   SFGH has appeared thus far in the Case as counsel of record to the Debtor.[1] Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107(a), Fed. R. Bankr. P. 2014, and Local Rule 2090-1, and subject to court approval, the Debtor has selected Robert M. Fishman, Peter J. Roberts and the law firm of Cozen O'Connor ("Cozen") to represent it as substitute counsel in place of SFGH as its general bankruptcy counsel in connection with this chapter 11 case. Messrs. Fishman and Roberts concentrate their practice in matters relating to bankruptcy proceedings and related litigation. Along with the other legal professionals of Cozen, they are well qualified to represent the Debtor in this chapter 11 case.

6.   Cozen proposes to render legal services to the Debtor in connection with the Case, including without limitation, the following:

  a.   To give the Debtor legal advice with respect to its rights, powers and duties as a debtors in possession in connection with administration of its estate and the operation of its business;

---

[1] SFGH's employment application is scheduled for initial presentment on November 24, 2021.

    b.       To advise the Debtor with respect to asset dispositions, including sales, abandonments, and assumptions or rejections of executory contracts and unexpired leases, and to take such actions as may be necessary to effectuate those dispositions;

    c.       To assist the Debtor in the negotiation, formulation and drafting of a chapter 11 plan;

    d.       To take such actions as may be necessary with respect to claims that may be asserted against the Debtor and property of its estate;

    e.       To prepare applications, motions, complaints, orders and other legal documents as may be necessary in connection with the appropriate administration of the Case;

    f.       To represent the Debtor with respect to inquiries and negotiations concerning creditors and property of its estate;

    g.       To initiate, defend or otherwise participate on behalf of the Debtor in all proceedings before this Court or any other court of competent jurisdiction; and

    h.       To perform any and all other legal services on behalf of the Debtor that may be required to aid in the proper administration of this Case that is consistent with the terms of Cozen's engagement letter, which is attached hereto as **Exhibit A**.

7. Neither Cozen nor its attorneys have any connection with the Debtor, its creditors or any other party in interest herein, except as set forth below and as further set forth in the declaration of Robert M. Fishman (the "Fishman Declaration"), a copy of which is attached hereto as **Exhibit B**.

8. Furthermore, Cozen neither holds nor represents any adverse interest in connection with the matters upon which they are to be employed. Accordingly, to the best of the Debtor's knowledge, information and belief, Cozen is a "disinterested person" within the meaning of 11 U.S.C. § 101(14) as required by 11 U.S.C. § 327(a).

**Proposed Compensation of Cozen**

9. The Debtor has agreed to compensate Cozen according to its standard rates for cases of the size, complexity and intensity as this Case. Cozen will also request reimbursement for expenses incurred in connection with its representation of the Debtor. The principal attorneys and paraprofessionals and their hourly rates for this matter are as follows: Robert M. Fishman (partner),

3

LEGAL\55075573\2

$885; Peter J. Roberts (partner), $610; Christina M. Sanfelippo (associate), $435; and Patricia M. Fredericks (paralegal), $295.

10. As set forth in the Fishman Declaration, Cozen understands that any and all compensation for legal services rendered on behalf of the Debtor shall be subject to further Court approval, after notice and a hearing on separate application made therefor.

11. As described in the engagement letter attached hereto as Exhibit A and subject to this Court's approval, the Debtor has agreed to provide Cozen with an initial retainer of $75,000 ("Retainer") as a security retainer to be held in escrow pending further order of this Court.

12. As set forth in the Fishman Declaration, Cozen has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b), and no attorney at Cozen is a relative of the bankruptcy judge approving the retention of Cozen as proscribed by Fed. R. Bankr. P. 5002(a).

13. For the reasons set forth above, the Debtor submits that the proposed employment of Cozen to perform the professional services set forth herein is both necessary and appropriate under the circumstances.

**Notice**

14. Notice of this Application has been provided to (i) the Office of the United States Trustee, (ii) all parties requesting notice or having filed a notice of appearance in this case, and (iii) the creditors included on the list filed by the Debtor under Fed. R. Bankr. P. 1007(d). In light of the nature of the relief requested, the Debtor requests that this Court find the notice provided for herein is sufficient under the circumstances and waive and dispense with any further notice requirements.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2091-1:

LEGAL\55075573\2

      A.      Authorizing it to employ Cozen as its substitute bankruptcy counsel, to perform the professional services set forth in this Application;

      B.      Authorizing and directing the substitution of Cozen for SFGH as the Debtor's general bankruptcy counsel for all matters arising in this Case;

      C.      Authorizing the Debtor to provide the Retainer to Cozen as a security retainer to be held in escrow by Cozen pending further order of this Court; and

      D.      Granting such other and further relief as this court deems just and proper.

Respectfully submitted,

GOLDEN FLEECE BEVERAGES, INC.

Dated: November 10, 2021

By: /s/ Peter J. Roberts
      One of its proposed attorneys

Robert M. Fishman
Peter J. Roberts
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
P: (312) 382-3100
F: (312) 382-8910

5

LEGAL\55075573\2

**EXHIBIT A**

LEGAL\55075573\2



November 9, 2021

**Robert M. Fishman**
Direct Phone  312-382-3154
Direct Fax      312-361-0643
rfishman@cozen.com

Ms. MacLeod

**Re:     Golden Fleece Beverages, Inc. Engagement**

Dear Ms. MacLeod:

Cozen O'Connor (the "Firm") appreciates the opportunity to provide legal services to Golden Fleece Beverages, Inc. in connection with its pending Chapter 11 subchapter 5 case (the "Chapter 11 Matter" or the "Matter"). The firm will be substituting in to replace current counsel in the pending Chapter 11 case. The purpose of this letter is to ensure that you and the Firm have a common understanding as to the terms of our engagement.

An effective attorney-client relationship is best built on a clear understanding of the terms of that relationship, and so to that end, I ask that you carefully review this letter in its entirety and discuss with me any questions or concerns that you may have. If you agree that it accurately describes your understanding, then I ask you to please sign the enclosed copy and return it to my attention.

**1.  Identity of Client.**  It is understood and agreed that Golden Fleece Beverages, Inc. is retaining the Firm to provide legal services only to Golden Fleece Beverages, Inc. ("Golden Fleece" or "you"), and the Firm's agreement to undertake this representation creates an attorney-client relationship solely with Golden Fleece.

Unless expressly agreed to in writing, the Firm will not, by virtue of this Engagement, be considered to represent any other person or entity which is now, or may later become, affiliated with Golden Fleece, such as any manager, member, employee, officer, director, shareholder, equity owner, subsidiary, parent or other affiliate of Golden Fleece (collectively, "Golden Fleece Affiliates").

Consequently, you agree the Firm's representation of Golden Fleece shall not be relied upon to seek to disqualify the Firm from its representation of another client in matters adverse to a Golden Fleece Affiliate, including in litigation, so long as those matters are not substantially related to our work for Golden Fleece.

**2.  Services to Be Provided.** Our present agreement to provide legal services to you is limited to representing Golden Fleece in the Chapter 11 Matter for which you have engaged us.

Our services will not extend to your other business, personal or legal affairs, or to any other aspect of your activities. You understand and agree that the Firm's receipt or use of confidential or other information from you or others in the course of this representation will not create any expectation on your part that the Firm will render any other advice or services. It is understood that you are

LEGAL\55055036\1

Ms. MacLeod
November 9, 2021
Page 2

---

not relying on us for business, investment, tax or accounting decisions, to advise you on the availability of insurance coverage in connection with your matter or to investigate the character or credit of persons with whom you may be dealing, unless otherwise specified in the letter.

You may limit or expand the scope of our representation at any time, provided that it is by mutual consent and the scope of such additional services is set forth in writing. **The terms of this Engagement Letter will apply to any additional matters we agree to undertake on your behalf unless we enter into an express agreement reflecting an alternate arrangement.**

3. **Responsible Lawyers.** I will be primarily responsible for the supervision of the Matter. You may contact me and Peter Roberts at (312) 382-3154 and (312) 474-1646, respectively. You may also contact my assistant, Paris Carraway-Love, at 312-474-4456, who will endeavor to reach me as soon as practicable.

4. **Responsibilities of the Firm and the Client.** We trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication that will facilitate our proper representation of you. You will provide us with your full cooperation, as well as complete and accurate information and materials as we require to perform the services described herein.

The Firm will keep you regularly and currently informed of the status of the Engagement and will consult with you whenever appropriate, as necessary to ensure the timely, effective, and efficient completion of our work. Copies of all significant correspondence and documents generated by the Firm in connection with the Engagement will be sent to you or to the person designated by you from time to time for that purpose.

As a matter of our professional responsibility and as long as in our judgment it will not substantively injure your position in this matter, we retain control over decisions affecting our reputation and professionalism. This discretion includes, among other decisions, whether to extend deadlines for opposing counsel and whether to cooperate with opposing counsel in scheduling or other procedural matters.

5. **Conflicts of Interest.**

   A. **Disclosure and Waiver of Current Conflicts of Interest.**

We have conducted a conflicts search based on the information you have provided to us about this Matter, and we do not believe any conflicts of interest exist at this time.

   B. **Prospective Waiver of Potential Future Conflicts of Interest: Unrelated Adverse Representations.**

As you are aware, we are a large law firm and we represent many other companies and individuals, nationally and internationally, in a wide range of matters and across many industries, including the Food Industry. Each of our clients has unique interests, some of which are likely to be different than Golden Fleece's interests and, given the scope of our practice, it is also possible that other Firm clients may have disputes or other business dealings with you during the time we are representing you. The purpose of this sub-section is to seek your prospective consent to the Firm's

Ms. MacLeod
November 9, 2021
Page 3

---

representation of other clients whose interests may be adverse to yours in future matters, but only if such much matters are unrelated to our representation of you.

Accordingly, as an integral part of this engagement, you agree that the Firm may now or in the future represent other entities or persons – even if the interests of such other clients are directly adverse to your interests – in any matter (including litigation) that is not substantially related to the Firm's representation of Golden Fleece under the terms of this Engagement (an "Unrelated Adverse Representation"), and Golden Fleece waives its right to cite its representation by the Firm as a reason to object to our representation of another client in any such Unrelated Adverse Representation. We agree, however, to notify you of each such Unrelated Adverse Representation if or when one should arise.

We also agree that your prospective consent to conflicting representations shall **not** apply in any instance where, as the result of our representation of you, we have obtained sensitive, proprietary or other confidential information of a non-public nature that, if known to another client, could be used to the material disadvantage of Golden Fleece in a matter in which we represent (or are asked to represent) that other client. The Firm recognizes its professional obligation to refrain from disclosing your confidential information or using it to your disadvantage for the benefit of the Firm or any other present or prospective client, and will never do so unless or until you give specific and informed consent.

We recommend that you discuss any questions or concerns about these waivers and consents with us, or with corporate in-house counsel or independent outside counsel of your choice. Your countersignature to this letter indicates that you agree to this waiver of future conflicts that are factually and legally unrelated to the Firm's representation of you.

6. **Billing Practices and Manner of Payment.** With respect to our fees, our billing statements include a description of work performed, the amount of time expended, and disbursements incurred on your behalf.

The Firm's fees are based on the actual time spent on the matter, billed in tenths of an hour. Each attorney's hourly rate is set by the Firm, taking into consideration the individual's professional background and other relevant factors. Hourly rates are subject to review and change from time to time. My current hourly rate and the rates for other attorneys at the Firm who may work on this Matter are: Robert M. Fishman $885 and Peter J. Roberts $610. (The foregoing information is provided to you on a confidential basis.)

In addition to our fees, we will bill for any expenditure that we make or expenses we incur for you or on your behalf. These may include express delivery charges, filing fees, reasonable travel expenses, computer-based legal research costs, fees for accountants or consultants retained on your behalf, and other similar expenditures. Please be advised that if any particular expenses are (or are anticipated to be) substantial, then we may require payment to be made directly to the provider of such goods or services.

Because Golden Fleece has filed a petition for relief under chapter 11 and commenced its bankruptcy case (the "Case"), Cozen will be required to file fee applications with the bankruptcy court seeking allowance of fees and reimbursement of expenses. Golden Fleece agrees to pay Cozen's any amounts awarded by the bankruptcy court pursuant to such fee applications within

ten (10) days of the entry of the applicable court order. Should the Bankruptcy Court enter an order allowing for a monthly interim fee procedure, then you agree to pay such monthly invoices in conformity with such order. Also, any objection to the invoice must be brought to our attention within thirty (30) days of the invoice date.

The Firm will do its best to provide estimates of legal fees and expected disbursements upon your request. It is very difficult to predict the exact amount of legal time that may be devoted to a particular matter, and unanticipated issues may arise as a matter develops. In the event that it should appear to the Firm that a provided estimate is substantially inaccurate, the Firm will endeavor to let you know and to provide a revised estimate.

7. **Retainer.** You have agreed, subject to appropriate authorization for the Bankruptcy Court in your Chapter 11 case to provide us with an initial retainer of $75,000 in immediately available funds as soon as such authorization is obtained (the "Retainer"). Our agreement to serve as counsel is expressly conditioned upon our receipt of the full Retainer.

The Retainer will be placed in escrow, and held pending further order of the bankruptcy court. If the bankruptcy court enters a monthly interim fee procedures order, then the fees and costs will be deducted on a monthly basis pursuant to such monthly interim fee procedures order. Upon the entry by the Bankruptcy Court of an order allowing fee and expenses pursuant to a fee application, then the fees and costs will be deducted at that time. Any balance remaining in the Retainer at the termination of our engagement will be applied toward payment of our final invoice. Any part of the Retainer remaining after payment of the final invoice will be refunded to you. To the extent, at any time, we feel that the remaining Retainer is inadequate under the circumstances, we may ask you (and the Bankruptcy Court) for the payment of an additional retainer.

8. **Intellectual Property.** You understand and agree that all work product of the Firm is the intellectual property of the Firm and that any rights in that property belong to the Firm.

9. **No Guarantee of Success.** You understand and agree that the Firm has not given you any assurances or made any warranties about the outcome of any aspect of this representation.

10. **Electronic Data Storage and Communication.** In using Internet data communication and storage methods, the Firm makes reasonable efforts to keep such communications and data access secure in accordance with our obligations under applicable laws and professional standards. You recognize and accept that we have no control over the unauthorized interception or breach of any communications or data once it has been sent or has been subject to unauthorized access, notwithstanding all reasonable security measures employed by us or our third-party vendors. You consent to our use of these electronic devices and applications and submission of confidential client information to third-party service providers during this engagement.

11. **Termination of Representation.** You may terminate this representation by providing written notice to the Firm at any time, with or without cause. Immediately after receiving such notice, the Firm will cease to render additional services and will cooperate in facilitating the orderly transfer of files and records to you or your new attorneys, subject to, if appropriate, resolution of any outstanding financial issues.

Ms. MacLeod
November 9, 2021
Page 5

---

We also reserve the right to withdraw at any time to the fullest extent permitted by the applicable rules of professional conduct. Any termination of our representation of you would be subject to such approval as may be required from any court(s) in which we are appearing on your behalf.

In the event of termination by either of us, fees and costs for work performed prior to termination will still be payable to the extent permitted by law.

**12.    Attorney-Client Relationship and Future Obligations.** Unless we otherwise agree in writing, the attorney-client relationship between the Firm and Golden Fleece will terminate upon the earliest of (1) the Firm's sending of a final statement for services rendered in this Matter (or any subsequent matter governed by the terms of this Engagement Letter); or (2) written notice to you of the Firm's termination; or (3) the passage of six (6) months during which the Firm has not performed any legal services for you.

Upon termination of the Firm's representation of you, the Firm will have no further duty to inform or advise you of future developments or changes in the law, or of filing obligations that may be relevant to such matter(s) in which the Firm's representation has ceased. The fact that the Firm may inform you from time to time of developments in the law which might be of interest to you does not and should not be construed to reestablish an attorney-client relationship that has terminated. The reestablishment of an attorney-client relationship with you can only be accomplished by the Firm's agreement, in writing, to undertake a new matter on your behalf.

From time to time we may be required to respond to requests for information, documents, or testimony about you or our substantive work on your behalf. Such requests may come from you, or they may come from third parties through a subpoena or other legal process to which we are required to respond. We will bill you for our time and expenses incurred in responding to such requests or demands in connection with any matters we have handled for you. However, our compliance with any such request or demand will **not** by itself reestablish an attorney-client relationship.

**13.    Records Retention.** Any and all documents and property that you deliver to the Firm during the course of our representation will remain your property. Your property, including your client file, will be returned to you upon request, subject to the payment of any outstanding fees and expenses. The Firm may retain copies of these records and files, at the Firm's expense, in accordance with the Firm's record retention policy. If you do not request delivery of your files, we reserve the right to destroy any items described in this paragraph within a reasonable time consistent with the applicable rules of professional conduct and the Firm's record retention policy.

**Binding Agreement.** This Engagement Letter represents the entire agreement between you and the Firm with respect to this Matter and any future matter governed by its terms. If you agree that this Engagement Letter accurately reflects the understanding between you and the Firm, please countersign in the space below and return a copy to me to acknowledge your understanding and agreement to the terms. No change or waiver of any of these provisions shall be binding on either you or on the Firm unless the change is confirmed in writing by both the Firm and Golden Fleece. Please do not hesitate to call me to discuss any questions you may have regarding this engagement or this Engagement Letter. The Firm is very willing to discuss any or all of the above matters, and we encourage you to communicate with us openly.

LEGAL\55055036\1

Ms. MacLeod
November 9, 2021
Page 6

---

The Firm will commence working on this Engagement as soon as we have received a copy of this Engagement Letter, countersigned by you, and the retainer amount described in the Retainer section. If you fail to countersign and return this Engagement Letter after you have received it, but you instruct us to commence working on the Engagement and we proceed to accept your instructions and provide services in connection with the Engagement, you will be deemed to have consented and agreed to all of the terms of this Engagement Letter.

We look forward to working with you.


Sincerely,

COZEN O'CONNOR

By: *(signature)* Robert M. Fishman


AGREED TO and ACCEPTED
this __9__ day of November, 2021

Golden Fleece Beverages, Inc.
By: *(signature)*
Candace MacLeod, President

LEGAL\55055036\1

**EXHIBIT B**

7

LEGAL\55075573\2

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN FLEECE BEVERAGES, INC., | No. 21-12228 |
| Debtor. | Hon. David D. Cleary |

**DECLARATION OF ROBERT M. FISHMAN PURSUANT TO BANKRUPTCY RULE 2014(A) IN SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY COZEN O'CONNOR AS ITS SUBSTITUTE BANKRUPTCY COUNSEL AND TO APPROVE COMPENSATION ARRANGEMENT**

I, Robert M. Fishman, pursuant to 28 U.S.C. § 1746, hereby deposes and states under the penalty of perjury as follows:

1. I am an attorney duly licensed and authorized to practice law in the State of Illinois. I am admitted to practice in the United States District Court for the Northern District of Illinois.

2. I am a shareholder in the law firm of Cozen O'Connor ("Cozen"). In that capacity, I am authorized to submit this declaration in support of the *Debtor's Application To Employ Cozen O'Connor as Its Substitute Bankruptcy Counsel and to Approve Compensation Arrangement* ("Application").

3. As set forth in the Application, the Debtor proposes that Cozen render the following legal services on behalf of Golden Fleece Beverages, Inc. (the "Debtor") in connection with the above-captioned case (the "Case"):

   a. To give the Debtor legal advice with respect to its rights, powers and duties as debtor in possession in connection with administration of its estate and the operation of its business;

   b. To advise the Debtor with respect to asset dispositions, including sales, abandonments, and assumptions or rejections of executory contracts and unexpired leases, and to take such actions as may be necessary to effectuate those dispositions;

  c. To assist the Debtor in the negotiation, formulation and drafting of a chapter 11 plan;

  d. To take such actions as may be necessary with respect to claims that may be asserted against the Debtor and property of its estate;

  e. To prepare applications, motions, complaints, orders and other legal documents as may be necessary in connection with the appropriate administration of the Case;

  f. To represent the Debtor with respect to inquiries and negotiations concerning creditors and property of its estate;

  g. To initiate, defend or otherwise participate on behalf of the Debtor in all proceedings before this Court or any other court of competent jurisdiction; and

  h. To perform any and all other legal services on behalf of the Debtor that may be required to aid in the proper administration of this Case that are consistent with the terms of Cozen's engagement letter, which is attached as Exhibit B to the Application.

  4. The Debtor has agreed to compensate Cozen according to Cozen's standard rates for cases of the size, complexity and intensity as these cases. Cozen will also request reimbursement for expenses incurred in connection with its representation of the Debtor. The principal attorneys and paraprofessionals and their hourly rates for this matter are as follows: Robert M. Fishman (partner), $885; Peter J. Roberts (partner), $610; Christina M. Sanfelippo (associate), $435; and Patricia M. Fredericks (paralegal), $295. Cozen understands that any and all compensation for legal services rendered on behalf of the Debtor shall be subject to further Court approval, after notice and a hearing on separate application made therefor.

  5. As described in the engagement letter attached hereto as Exhibit A and subject to this Court's approval, the Debtor has also agreed to provide Cozen with an initial retainer of $75,000 as a security retainer to be held in escrow pending further order of this Court.

  6. To the best of my knowledge, information and belief, Cozen is a "disinterested person" within the scope of 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327(a). In

2

connection with its proposed retention by the Debtor in this case, Cozen has researched its client database to determine whether it has any relationships with the Debtor or any of the known creditors in this case and will continue to do so periodically throughout the case and supplement this disclosure as necessary. Based on its conflicts search, Cozen has determined that it has no connections with the Debtor, its creditors or any other party in interest herein with regards to these Cases.

7. Cozen is not currently representing any creditor or other party in interest in connection with the above-captioned Case, and neither holds nor represents any adverse interest in connection with the matters upon which it is to be employed, to the best of the undersigned's knowledge, information and belief.

8. Cozen has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. § 504(b), and no attorney at Cozen is a relative of the bankruptcy judge approving Cozen's retention as proscribed by Fed. R. Bankr. P. 5002(a).

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 10, 2021          /s/ Robert M .Fishman
                                  Robert M. Fishman

LEGAL\55095426\1