**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN FLEECE BEVERAGES, INC., | No. 21-12228 |
| Debtor. | Hon. David D. Cleary |

## NOTICE OF MOTION

TO:   See Attached List

**PLEASE TAKE NOTICE** that on **November 24, 2021, at 10:00 a.m.,** I will appear before the **Honorable David D. Cleary**, or any judge sitting in that judge's place, and present **Debtor's Motion for Authority To Pay Prepetition Warehousing Charges And Possessory Liens Related Thereto**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

GOLDEN FLEECE BEVERAGES, INC.

By:   /s/ Peter J. Roberts
      One of its proposed attorneys

Peter J. Roberts
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
P:  (312) 382-3100
F:  (312) 382-8910
proberts@cozen.com

LEGAL\55172338\2

# CERTIFICATE OF SERVICE

Peter J. Roberts an attorney, certifies that he caused to be served a true copy of **Debtor's Motion for Authority To Pay Prepetition Warehousing Charges And Possessory Liens Related Thereto** upon the Electronic Mail Notice List through the ECF System (unless otherwise indicated) which sent notification of such filing via electronic means on November 17, 2021.

/s/ Peter J. Roberts

## Mailing Information for Case 21-12228

## Electronic Mail Notice List

- **Steven Mena Dallas**   stevend@rfd-law.com
- **Jonathan P Friedland**   jfriedland@sfgh.com, bkdocket@sfgh.com
- **Matthew T. Gensburg**   MGensburg@gcklegal.com
- **E. Philip Groben**   pgroben@gcklegal.com, bcervantes@gcklegal.com,rrodriguez@gcklegal.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Mark Melickian**   mmelickian@sfgh.com, joconnor@sfgh.com;mbrandess@sfgh.com;bkdocket@sfgh.com;bkdocket@sfgh.com
- **Kathryn C Nadro**   knadro@sfgh.com, bkdocket@sfgh.com
- **John R O'Connor**   joconnor@sfgh.com, bkdocket@sfgh.com
- **Peter J Roberts**   proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com;cknez@cozen.com
- **Neema T Varghese**   nvarghese@nvconsultingservices.com

## Manual Notice List

550 St. Clair Retail Associates, LLC
Attn: William Dallas, Steve Dallas
c/o Regas, Frezados & Dallas LLP
20 N. Clark St., Ste. 1103
Chicago, IL 60602

Clark Hill PLC
Attn: Megan Berry
901 Main Street
Suite 6000
Dallas, TX 75202

Arrow Trans
Attn: Monika Saida
2001 Estes Ave
Elk Grove Village, IL 60007

Clutch Global Logistics
Attn: Angela Maslanka
555 Waters Edge, Suite 150
Lombard, IL 60148

C.H. Robinson Company, Inc.
Attn: Nick Foglion
14701 Charlson Road
Eden Prairie, MN 55347

Coyote Logistics
Attn: Tommy Cox
2545 W Diversey Ave
Chicago, IL 60647

LEGAL\55172338\2

DevTech PET, Inc
Attn: Maggie Mahony
12 Howe Drive
Amherst, NH 03031

First Logistics Management Svc.
Attn: Don Worth
11859 S Central Ave
Alsip, IL 60803

Global Plastics
Attn: Stacy Cooper
6739 Guion Road
Indianapolis, IN 46268

Greco and Sons
00 Rauch-Milliken International, Inc
440o Trenton Street
Metairie, LA 70006

Imperial Bag & Paper Co.
Attn: Rich Laurendeau
255 Route 1 & 9
Jersey City, NJ 07306

Levenfeld Pearlstein
Attn: Jennifer Larkin
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

O-I Packaging Solutions
Attn: Earneshe Young
5200 Tennyson Pkwy
Suite 100
Plano, TX 75024

Sleeve Seal
Attn: Jennifer Bailey
14000 Dineen Drive
Little Rock, AR 72206

Stapleton Spence Packing Co.
Attn: Brad Stapleton
1900 Hwy 99
Gridley, CA 95948

Tate & Lyle Food & Beverage Solutions
Attn: Kelly O'Bryan
2200 E Eldorado Street
Decatur, IL 62521

Total Quality Logistics
Attn: Aliosman Youssein
700 Butterfield Road, Suite 250
Lombard, IL 60148

Verizon Media Inc.
Attn: Brenda Davenport
14010 FNB Parkway
Omaha, NE 68154

Wilson Sonsini Goodrich & Rosati PC
Attn: Barbara McKnew
650 Page Mill Road
Palo Alto, CA 94304

Novack and Macey LLP
Attn: Mitchell Marinello, Laura Jennings
100 N. Riverside Plaza
Chicago, IL 60606

Walgreens
Attn: Robert Andalman
c/o A & G Law LLC
542 South Dearborn St., 10th Flr.
Chicago, IL 60605

Greg Wasson
Attn: Amy C. Andrews, Thomas Quinn
c/o Riley Safer Holmes & Cancila LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

SYSCO
1390 Enclave Pkwy
Houston, TX 77077

Kwik Trip
c/o CT Corporation System (reg'd agent)
208 S. LaSalle St.
Chicago, IL 60604

3

JP Morgan Chase Bank NA
Attn: Bankruptcy
PO Box 6185
Westerville, OH 43086

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN FLEECE BEVERAGES, INC., | No. 21-12228 |
| Debtor. | Hon. David D. Cleary |

### DEBTOR'S MOTION FOR AUTHORITY TO PAY WAREHOUSING CHARGES AND POSSESSORY LIENS RELATED THERETO

Pursuant to 11 U.S.C. § 105, 361 and 363, Golden Fleece Beverages, Inc., (the "**Debtor**") hereby requests that this Court enter an order authorizing, but not directing, the Debtor to pay up to an aggregate amount of $35,000 toward its prepetition obligations for warehousing services and any possessory liens related thereto. In support of this Motion, the Debtor respectfully refers to the *Declaration of Candace MacLeod in Support of Debtor's Motion for Authority to Pay Warehousing Charges and Possessory Liens Related Thereto*, a copy of which is attached hereto as Exhibit A, and also represents as follows:

### JURISDICTION & VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this Case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 361, 363, and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**").

LEGAL\55172338\2

## BACKGROUND

3. The Debtor filed this Case on October 27, 2021 (the "**Petition Date**"). (ECF No. 1). The Debtor continues to manage its financial affairs as debtor in possession under §§ 1182 and 1184 of the Bankruptcy Code. Neema Varghese has been appointed Subchapter V Trustee for the Case (the "**Sub V Trustee**"). (ECF No. 9).

4. A thorough description of the Debtor's business and history is set forth in the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition & First Day Relief* (the "**First Day Declaration**"). (ECF No. 4).

5. As described in the First Day Declaration, the Debtor has two business lines: selling consumer packaged goods to retailers and working with licensee-partners who operate cafes. In the ordinary course of its business, the Debtor stores inventory, supplies, merchandise, and other items (collectively, the "**Goods**") with several third party warehousemen (the "**Warehousemen**").

6. The services provided by the Warehousemen are critical to the Debtor's day-to-day operations. The Debtor maintains frequent shipments of Goods to its retail customers. To meet delivery deadlines and maintain the uninterrupted flow of Goods from the Warehousemen to those customers, the Debtor relies heavily on the services of Warehousemen. The refusal of any Warehousemen to provide services and release Goods for delivery could severely and adversely affect the Debtor's operations.

7. Due to the commencement of the Debtor's bankruptcy case, however, certain Warehousemen who hold Goods have indicated that they may refuse to release the Goods unless they receive payment for prepetition services. Under most states' laws, the Warehousemen likely have a lien on the Goods in their possession to secure the charges or expenses incurred for storage services associated with the Goods. *See, e.g.,* 810 ILCS 5/7-209 (providing a lien for

warehousemen for charges related to goods in their possession). Pursuant to 11 U.S.C. § 363(e), the Warehousemen may be entitled to adequate protection as the holders of possessory liens.

## RELIEF REQUESTED

8. Through this Motion, the Debtor seeks an order granting it authority, pursuant to 11 U.S.C. §§ 105, 361 and 363, to pay up to an aggregate amount of $35,000[1] toward the prepetition charges of Warehousemen that the Debtor determines, in the exercise of its business judgment, must be paid in order to obtain the release of Goods held by those Warehousemen; provided, however, that all such payments shall be conditioned upon written verification from the applicable Warehousemen that they will release the applicable Goods in their possession upon payment and according to such terms as they and the Debtor had agreed upon prior to the Petition Date.

## BASIS FOR RELIEF

9. Section 363(e) of the Bankruptcy Code provides for the use of estate property to be conditioned upon a grant of adequate protection for the benefit of any entity that has an interest in such property. *See* 11 U.S.C. § 363(e). Adequate protection may be provided by permitting any such entity to realize the indubitable equivalent of its interest in such property. *See* 11 U.S.C. § 361(3).

10. In the context of the Warehousemen and the Debtor's use of the Goods, § 363(e) entitles the Warehousemen to receive adequate protection to the extent of any possessory liens that they hold on the Goods in their possession. By paying the prepetition charges secured by those liens, as requested in this Motion, the Debtor will be providing adequate protection to the Warehousemen in the form of a cash equivalent to compensate the Warehousemen for the

---

[1] For avoidance of doubt, the $35,000 figure is the total maximum amount that the Debtor would be authorized to pay to Warehousemen in the aggregate in the event that this Motion is allowed.

LEGAL\55172338\2

possessory liens that they will be losing by releasing possession of the Goods. Therefore, the relief sought in this Motion is appropriate as a means of providing adequate protection to the Warehousemen on account of any possessory liens they may hold in the Goods.

11. Support for this motion is also found in § 363(b) of the Code. Section 363(b) permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts have authorized payment of prepetition obligations under § 363(b) of the Bankruptcy Code when a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (noting that a debtor may sell property outside the ordinary course of business if it can provide "an articulated business justification" (citing *The Inst'l Creditors of Cont'l Airlines v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.*), 780 F.2d 1223, 1225 (5th Cir. 1986)). Once a debtor articulates a valid business justification for a particular form of relief, that relief "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, whim, or caprice.'" *In re Aerovox, Inc.*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001) (quoting *In re Logical Software, Inc.*, 66 B.R. 683, 686 (Bankr. D. Mass. 1986) (citations omitted)).

12. To the extent the relief requested in this Motion implicates § 363(b) of the Bankruptcy Code, the Debtor submits that paying the prepetition obligations of the Warehousemen is warranted under § 363(b). As described above, the Debtor has a critical need for the Goods in the Warehousemen's possession in order to fulfill its customer obligations and to carry on its business operations effectively. Consequently, the payment of the Warehousemen's prepetition obligations and the satisfaction of any corresponding liens on the Goods is a sound exercise of the Debtor's business judgment and should be approved accordingly.

4

**WAIVER OF BANKRUPTCY RULES 6004(A) & (H)**

13. To implement the relief sought here successfully, the Debtor also requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**RESERVATION OF RIGHTS**

14. Nothing contained in this Motion is or should be construed as: (a) an admission as to the validity of any claim against the Debtor or the existence of any lien against the Debtor's property; (b) a waiver of the Debtor's rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease under Bankruptcy Code § 365; or (f) a limitation on the Debtor's rights under Bankruptcy Code § 365 to assume or reject any executory contract or unexpired lease with any party, subject to the provisions of any orders entered by this Court granting the relief requested by this Motion. Nothing contained in the proposed order attached to this Motion shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

**NOTICE & NO PRIOR REQUEST**

15. The Debtor is providing notice of this Motion to the following parties or their respective counsel: (a) the United States Trustee for the Northern District of Illinois; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) the Sub V Trustee; (d) counsel to 550 St. Clair Retail Associates, LLC; (e) counsel to Novack & Macey LLP; and (f) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given and any additional notice should

LEGAL\55172338\2

be waived. The Debtor will provide such additional notice as may be required and appropriate in advance of the final hearing on this matter.

16. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHERFORE, the Debtor requests that the Court enter an order: (i) granting the relief requested in this Motion; (ii) authorizing, but not directing, the Debtor to pay up to an aggregate amount of $35,000 toward the prepetition charges of Warehousemen that the Debtor determines, in the exercise of its business judgment, must be paid in order to obtain the release of Goods held by those Warehousemen; _provided_, _however_, that all such payments shall be conditioned upon written verification from the applicable Warehousemen that they will release the applicable Goods in their possession upon payment and according to such terms as they and the Debtor had agreed upon prior to the Petition Date; and (iii) providing such further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

GOLDEN FLEECE BEVERAGES, INC.

Dated: November 17, 2021

By: /s/ Peter J. Roberts
One of its proposed attorneys

Robert M. Fishman
Peter J. Roberts
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
P:  (312) 382-3100
F:  (312) 382-8910