# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN FLEECE BEVERAGES, INC., | No. 21-12228 |
| Debtor. | Hon. David D. Cleary |

### DECLARATION OF CANDACE MACLEOD IN SUPPORT OF DEBTOR'S MOTION FOR AUTHORITY TO PAY WAREHOUSING CHARGES AND POSSESSORY LIENS RELATED THERETO

I, Candace MacLeod, pursuant to 28 U.S.C. § 1746, hereby depose and state under the penalty of perjury as follows:

1. I am the President of Golden Fleece Beverages, Inc. (the "Debtor"), the debtor in the above-captioned bankruptcy case (the "Case"). I have personal knowledge of the factual matters set forth herein and am authorized by the Debtor to submit this declaration in support of the *Debtor's Motion for Authority to Pay Warehousing Charges and Possessory Liens Related Thereto* (the "Motion"). If called to testify, I would do so consistently with the matters set forth herein.

2. I previously executed the *Declaration of Candace MacLeod in Support of Debtor's Chapter 11 Petition* dated October 27, 2021 (the "First Day Declaration"), which I hereby reaffirm in support of the Motion.

3. As I stated in the First Day Declaration, the Debtor has two business lines: selling consumer packaged goods to retailers and working with licensee-partners who operate cafes. In the ordinary course of its business, the Debtor stores inventory, supplies, merchandise, and other items (collectively, the "Goods") with several third party warehousemen (the "Warehousemen").

4. The services provided by the Warehousemen are critical to the Debtor's day-to-day operations. The Debtor maintains frequent shipments of Goods to its retail customers. To meet

delivery deadlines and maintain the uninterrupted flow of Goods from the Warehousemen to those customers, the Debtor relies heavily on the services of Warehousemen. The refusal of any Warehousemen to provide services and release Goods for delivery could severely and adversely affect the Debtor's operations.

5. Due to the commencement of the Debtor's bankruptcy case, however, certain Warehousemen who hold Goods have indicated that they may refuse to release the Goods unless they receive payment for prepetition services. In order to fulfill its customer obligations and to carry on its business operations effectively, the Debtor has a critical need for the Goods in these Warehousemen's possession. Consequently, the payment of these Warehousemen's prepetition obligations and the satisfaction of any corresponding liens on the Goods is necessary for the Debtor's continued business operations. I therefore believe that the relief sought in the Motion is necessary and in the best interests of the Debtor and its bankruptcy estate.

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 17, 2021

_____
Candace MacLeod