UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**FINAL ORDER AUTHORIZING DEBTOR TO (1) MAINTAIN EXISTING BANK ACCOUNTS; (2) CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM; (3) CONTINUE USING EXISTING BUSINESS FORMS; (4) MODIFY INVESTMENT & DEPOSIT REQUIREMENTS UNDER 11 U.S.C. § 345(b); & (5) RELATED RELIEF**

This matter came before the Court on the Debtor's motion (the "*Motion*") for the entry of interim and final orders authorizing the Debtor to (1) maintain its existing Bank Accounts;[1] (2) continue using its existing Cash Management System; (3) continue using its existing Business Forms; (4) modifying certain investment & deposit requirements; and (5) related relief; all as more fully set forth in the Motion and the First Day Declaration; and it appearing to the Court that the relief requested in the Motion is in the best interests of the Debtor's estate; and it appearing to the Court that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and it appearing to the Court that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefor,

**It is Hereby Ordered:**

1. The Motion is granted as set forth in this Order on a final basis.

2. The Debtor is authorized, but not directed, to maintain and use the Cash Management System as described in the Motion.

3. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided that the Debtor give at least 5 business days' prior notice to the U.S. Trustee; provided, further, that the Debtor may only open any new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement (each such bank referred to collectively with the Bank as the "*Banks*").

4. The Debtor is authorized, but not directed, to continue to use, in their present form, all correspondence and business forms (including, without limitation, letterhead, purchase orders, and invoices), as well as checks (with no break in check sequences) and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as a debtor in possession.

---

[1] Capitalized terms not defined in this Order bear the meanings given to them in the Motion.

1

5. The relief granted in this Order is extended to any new bank account opened by the Debtor after the date of this Order, which account shall be deemed a Bank Account, and to the bank at which such account is opened.

6. The U.S. Trustee Guidelines are hereby excused, such that the Debtor is not required to: (a) close all existing Bank Accounts and open new debtor in possession accounts or (b) establish specific bank accounts for tax payments.

7. The Bank Accounts are deemed debtor in possession accounts. The Debtor is authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as those employed before the Petition Date, including, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (b) to pay ordinary course Bank Fees in connection with the Bank Accounts, including any Bank Fees arising prior to the Petition Date in an amount not to exceed $1,000; and (c) to perform their obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition Cash Management agreements or treasury services agreements, in each case subject to the limitations of each applicable deposit account control agreement.

8. Those certain existing deposit agreements between the Debtor and the Bank shall continue to govern the postpetition Cash Management relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

9. The Banks are authorized without the need for further order of this Court to in the ordinary course of business: (a) continue to administer, service, and maintain, the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "**Disbursements**") on account of a claim; and (c) debit the Bank Accounts for: (i) all undisputed prepetition bank and service fees outstanding as of the date of this Order, if any, owed to the Banks for the maintenance of the Cash Management System in an amount not to exceed $1,000; and (ii) all checks drawn on the Debtor's Bank Accounts which were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof before the Petition Date.

10. Subject to the provisions of this Order, the Banks are authorized to and shall rely on the representations of the Debtor as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated, drawn, or issued prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court. The Banks shall not be deemed in violation of this Order and shall have no liability for relying on such representations by the Debtor or honoring any Disbursement that is subject to this Order either (a) at the direction of the Debtor to honor such prepetition Disbursement; (b) in the good faith belief that this Court has authorized such prepetition

Disbursement to be honored; or (c) as a result of an innocent mistake. To the extent that the Debtor directs that any Disbursement be dishonored or the Banks inadvertently dishonor any Disbursements, the Debtor may issue replacement Disbursements consistent with the orders of this Court.

11. The Banks are further authorized to (a) honor the Debtor's directions with respect to the opening or closing of any Bank Account; and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, and the Banks shall have no liability to any party for relying on such representations or instructions.

12. To the extent any other order is entered by this Court authorizing the Banks to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Order.

13. The Debtor shall serve a copy of this Order on the Bank within five (5) business days of its entry, and upon any bank at which the Debtor opens a new bank account, immediately upon the opening of such new account.

14. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to § 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate; or (c) shall be construed as a promise to pay a claim.

15. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

16. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Enter:

Date: _____, 2021

_____

Honorable David D. Cleary
United States Bankruptcy Judge

Prepared by:

Robert M. Fishman
Peter J. Roberts
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
P: (312) 382-3100
F: (312) 382-8910
rfishman@cozen.com
proberts@cozen.com

*Proposed Counsel to the Debtor*

4