UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**NOTICE OF MOTION**

*Please take notice* that on **Wednesday, January 12, 2022, at 10:00 a.m. C.T.** the undersigned will appear before the Honorable David D. Cleary, or any judge sitting in his place, and present the *First & Final Application of Sugar Felsenthal Grais & Helsinger LLP for Compensation & Reimbursement of Expenses as Counsel to the Debtor* (the "**Application**"), a copy of which is attached here.

**This application will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard at the hearing, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1.669.254.5252 or 1.646.828.7666. then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The Meeting ID and passcode can also be found on Judge Cleary's webpage on the court's website, https://www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this Application** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Application will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Application in advance without a hearing.

Date: December 22, 2021

*Sugar Felsenthal Grais & Helsinger LLP*

By:  /s/ Jonathan Friedland
        One of its Attorneys

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:  312.704.9400
Facsimile:   312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com

SFGH:4863-5837-5171v4

## CERTIFICATE OF SERVICE

      I, Jack O'Connor, an attorney, certify that I caused a copy of the attached notice of motion and the application to which it refers to be served upon each entity shown on the attached list at the address shown and by the method indicated on the list on December 22, 2021.

Date: December 22, 2021      By:  /s/ Jack O'Connor

## Service List

***Via CM/ECF***

Golden Fleece Beverages, Inc.
c/o Cozen O'Connor P.C.
Attn: Robert Fishman, Peter Roberts
123 North Wacker Dr., Ste. 1800
Chicago, IL 60606
rfishman@cozen.com; proberts@cozen.com

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Neema T. Varghese
NV Consulting Services
701 Potomac, Ste 100
Naperville, IL 60565
nvarghese@nvconsultingservices.com

550 St. Clair Retail Associates, LLC
c/o Gensburg Calandriello & Kanter, P.C.
Attn: Matthew Gensburg, Phil Groben
200 W Adams St. Ste. 2425
Chicago, IL 60606
mgensburg@gcklegal.com; pgroben@gcklegal.com

550 St. Clair Retail Associates, LLC
c/o Regas, Frezados & Dallas LLP
Attn: Steven M. Dallas
20 N. Clark St., Ste. 1103
Chicago, IL 60602
stevend@rfd-law.com

Tate & Lyle Food & Beverage Solutions
c/o Saul Ewing Arnstein & Lehr LLP, Attn: Michelle G Novick
161 N. Clark Street, Ste. 4200
Chicago, IL 60601
michelle.novick@saul.com

Novack and Macey LLP
Attn: Julie A. Johnston-Ahlen
100 N. Riverside Plaza
Chicago, IL 60606
jja@novackmacey.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Golden Fleece Beverages, Inc., | ) | Case No. 21-12228 |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |

**COVER SHEET
FIRST & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HELSINGER LLP FOR
COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR**

| | |
|---|---|
| Name of Applicant: | Sugar Felsenthal Grais & Helsinger LLP |
| Authorized to provide services to: | Debtor |
| Effective Date of Retention: | October 27, 2021 (Dkt. 78) |
| Period for which compensation is sought: | October 27, 2021, through November 24, 2021 |
| Amount of compensation sought as actual, reasonable, and necessary: | $88,125.00 |
| Amount of expense reimbursement sought: | $1,067.14 |
| Total request: | $89,192.14 |

This is a **final** application

Date:   December 22, 2021

SUGAR FELSENTHAL GRAIS & HELSINGER LLP

By: /s/ Jonathan Friedland

Jonathan Friedland (IL No. 6257902)
Jack O'Connor (IL No. 6302674)
Mark Melickian (IL No. 6229843)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| | ) |
| Golden Fleece Beverages, Inc., | ) Case No. 21-12228 |
| | ) Hon. David D. Cleary |
| Debtor. | ) |

**FIRST & FINAL APPLICATION OF SUGAR FELSENTHAL GRAIS & HELSINGER LLP FOR COMPENSATION & REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR**

Sugar Felsenthal Grais & Helsinger LLP ("**SFGH**"), counsel to the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Case**"), submits this first and final application (the "**Fee Application**") for compensation for services rendered and reimbursement of expenses as counsel to the Debtor under § 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois. In support of this Fee Application, SFGH states:

**I.   JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Fee Application are §§ 330, 331, 363, 503(b), and 507(a)(2) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 5082-1.

**II.   BACKGROUND**

2. The Debtor filed this Case on October 27, 2021 (the "**Petition Date**"). (Dkt. 1). The Debtor continues to manage its financial affairs as debtor in possession under §§ 1182 and 1184 of the Bankruptcy Code. Neema Varghese has been appointed Subchapter V Trustee (the "**Sub V Trustee**") in the Case. *See* (Dkt. 9).

3. The Court entered an order approving SFGH's employment as the Debtor's counsel, retroactive to the Petition Date, on November 24, 2021. (Dkt. 78). The same day, the

1

Court entered orders (a) allowing SFGH to withdraw as the Debtor's counsel (Dkt. 69); and (b) approving the employment of substitute counsel to the Debtor at Cozen O'Connor P.C. ("**Cozen**"). *See* (Dkt. 76).

### III. SFGH'S SERVICES RENDERED & EXPENSES INCURRED DURING THE APPLICATION PERIOD

4. This is SFGH's first and final application seeking allowance of compensation for services rendered and reimbursement of expenses incurred to and on behalf of the Debtor in this Case, from the period beginning on the Petition Date and ending on November 24, 2021 (the "***Application Period***").

5. As set forth in SFGH's motion to withdraw as counsel to the Debtor, the Debtor informed SFGH via email correspondence on November 8 that it had elected to employ substitute counsel in this Case.

6. After receiving notice from the Debtor regarding Cozen's engagement, SFGH worked to transition necessary documents and information as efficiently as possible, informing the Debtor that while SFGH remained the Debtor's counsel of record, it would no longer perform services for the Debtor beyond those specifically requested by the Debtor or Cozen, or to prevent unnecessary prejudice to the Debtor in this Case. As such, SFGH incurred as little fees as possible following its termination, performing only those essential tasks necessary to transition services to Cozen and withdraw as counsel in this Case.

7. Under this Fee Application, SFGH requests that the Court allow, on a final basis, approval of $88,125.00 as compensation, and $1,067.14 in reimbursable expenses for services it performed during the Application Period. These amounts are discussed in greater detail below.

### A. SFGH's Fees & Expenses During the Application Period

8. Attached to this Application as **Exhibit A** are detailed statements of fees and expenses incurred by SFGH during the Application Period. The time described in these statements represents the actual amount of time spent or, in certain instances, less than the actual amount of

2

time spent by SFGH attorneys and paralegals who rendered the services described. Certain time reflected in the statements has been either reduced or "no-charged" by SFGH to reduce the burden on the Debtor's estate related to multiparty conferences, or to other services deemed in hindsight to warrant adjustment.

**B. Summary of SFGH's Services Rendered & Expenses Incurred During the Application Period**

9. During the Application Period, SFGH's professionals spent a total of **162.7** hours providing professional services to the Debtor in this Case at a total cost of **$88,125.00**. All services for which SFGH seeks compensation under this Application were performed for or on behalf of the Debtor.

10. SFGH's hourly rates of compensation for attorneys and paraprofessionals during the Application Period ranged from $400 to $600. These rates are comparable to, or lower than, rates charged by other practitioners having the same level of experience, expertise, and standing for similar services. SFGH consistently and consciously made every reasonable effort to represent the Debtor in the most economical, efficient, and practical manner possible.

11. SFGH professionals expended significant, necessary, and appropriate effort during the Application Period to ensure a successful start to this Case, including:

   a. preparing and finalizing the Debtor's first day motions;

   b. preparing for and attending multiple hearings in the Case;

   c. communicating with the U.S. Trustee and the Sub V Trustee regarding inquiries and comments to the relief sought by the Debtor in its initial filings;

   d. engaging in negotiations with numerous parties in interest, including counsel for 550 St. Clair Retail Associates, LLC ("***550***") and counsel to Walgreens to seek a resolution of key disputed issues in the Case relating to 550's asserted lien against the Debtor's assets and objection to the Debtor's motion for DIP financing;

   e. preparing for accelerated litigation with 550, Walgreens, and potentially other parties, should it be necessary;

 f. working closely and constantly with the Debtor's management team on case administration and the tasks relevant to operating as a debtor in possession under subchapter V, as well as the development of a global case strategy and potential exit strategies, and preparing detailed and necessary communications to the Debtor's Board regarding these matters; and

 g. following notification of the intent to retain Cozen as substitute counsel to the Debtor, necessary time and effort to ensure that the transition to new counsel was as seamless as possible.

12. The time spent and expenses incurred by SFGH during the Application Period were necessary and appropriate under the circumstances, with SFGH attending to essential tasks during the Application Period.

### C. Summary Description of Services Rendered During Application Period by Category

13. The services rendered by SFGH during the Application Period are grouped into 6 categories, and the attorneys and paraprofessionals who rendered those services are identified—along with the number of hours spent by each individual and the total compensation sought for each category—in the attachments to this Fee Application. Brief descriptions of the services rendered by SFGH during the Application Period, by category, follow:

**(1) *Case Administration***

SFGH spent 87.2 hours at a cost of $47,940.00 on matters relating to the administration of this Case during the Application Period. This category includes matters encompassing more than one discrete category, and matters which did not fall within a specific category. Specifically, SFGH professionals spent time under this category addressing initial case administrative tasks, including preparing the Debtor's first and second day motions and preparing to present these motions to the Court; conferring with the Debtor's management team regarding case tasks and strategy; analyzing potential claims for indeminification under the Debtor's director and officer insurance policy; preparing memoranda to the Debtor's board and DIP Lenders regarding the Debtor's available exit strategies through a plan or sale; preparing SFGH's motion to withdraw as counsel in this Case; and essential tasks to transition representation of the Debtor from SFGH to substitute counsel at Cozen.

**(2) *Reporting, Schedules, & SOFA***

SFGH spent 6.7 hours at a cost of $3,305.00 related to time spent during the Application Period on the Debtor's reporting obligations and its schedules and statement of financial affairs, including time spent meeting with the U.S. Trustee and Sub V Trustee; preparing for and attending the Debtor's initial debtor interview

4

scheduled by the U.S. Trustee; and time spent working with the Debtor to begin preparing its schedules and statement of financial affairs.

### *(3) Employment & Fee Applications*

SFGH spent 11.2 hours at a cost of $5,690.00 related to preparing its employment application, a motion to establish interim compensation procedures in the Case, and this Fee Application.

### *(4) Financing & Cash Collateral*

SFGH spent 22.8 hours at a cost of $12,700.00 related to financing and cash collateral matters. This category includes time spent during the Application Period preparing a DIP Financing motion in this Case, as well as negotiations with 550 St. Clair Retail Associates, LLC, in relation to its objection to the Debtor's DIP Financing motion on the basis of an asserted lien in certain of the Debtor's assets, and request for adequate protection. SFGH professionals also spent time under this category communicating with the Debtor's management and its DIP Lenders in relation to the DIP Financing motion and 550 St. Clair's objections.

### *(5) Litigation, Contested Matters, & Adversary Proceedings*

SFGH spent 11.2 hours at a cost of $5,730.00 related to contested matters and anticipated litigation in the Case. This category includes time spent communicating with various parties in interest, including counsel for Walgreens and 550 St. Clair Retail Associates, LLC in relation to certain accounts receivable in Walgreens's possession in which 550 St. Clair asserted a security interest, as well as time spent researching and analyzing the most efficient means for prosecuting turnover litigation against Walgreens, if necessary.

### *(6) Hearings*

SFGH spent 23.6 hours at a cost of $12,760.00 related to preparing for and attending hearings in this Case. This category includes time spent corresponding and conferring with the Debtor's management and SFGH professionals internally in preparation for hearings in the Case; time spent reviewing relevant motions set for hearing and preparing arguments in support of these motions; and appearing before the Court to present and argue the Debtor's various motions; and addressing opposition to such motions at hearings in the Case.

### D. Expenses Incurred

14. In compliance with Local Rule 5082-1B(1)(g), detailed itemizations of all expenses incurred during the Application Period are set forth in **Exhibit A** attached to this Fee Application. Expenses during the Application Period were incurred in the following categories:

a. *Photocopying*

SFGH incurred copying and printing charges in the amount of $517.40 during the Application Period. SFGH charges clients $0.10 per copy.

b. *Mailing & Overnight Service Charges*

SFGH incurred charges for mailing and overnight service charges in the amount of $549.74 during the Application Period.

15. All expenses incurred by SFGH in connection with its representation of the Debtor were ordinary and necessary expenses. All expenses billed to the estates were billed in the same manner SFGH bills its non-bankruptcy clients.

16. SFGH does not bill its clients or seek compensation in this Fee Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, electronic legal research (*i.e.*, LEXIS and Westlaw), and facsimile transmissions. Such expenses are factored into SFGH's hourly rates.

**IV.   REQUEST FOR FINAL APPROVAL OF SFGH'S FEES & EXPENSES FOR THE APPLICATION PERIOD**

17. This Fee Application is SFGH's final request for allowance of fees and reimbursement of expenses. Under this Fee Application, SFGH seeks final approval of all amounts incurred during the Application Period.

18. SFGH therefore seeks an order (a) allowing and approving final compensation to SFGH of $88,125.00 in compensation for professional services rendered, and reimbursement of $1,067.14 for actual and necessary expenses incurred by SFGH during the Application Period; and (b) authorizing payment to SFGH for amounts approved under the Fee Application, subject in all respects to prior orders of this Court. Presuming this Fee Application is allowed in full, SFGH's outstanding amounts owed for unpaid fees and expenses during the Application Period will be $89,192.14.

19. On November 4, 2021, the Debtor transferred $70,000 to SFGH under the terms of its approved budget the "**Budget**") attached as Exhibit B to the Court's *Order Authorizing the Debtor to Incur Postpetition Debt on an Interim Basis Pending a Final Hearing.* (Dkt. 43).

6

Consistent with the Budget, these amounts were received by SFGH into its client trust account, to be held pending further Court order. Under the terms of its application for employment, the client funds would become a security retainer upon entry of an order approving the retention application.

20. On December 3, 2021, this Court approved SFGH's retention application. Pursuant to the order approving SFGH's employment as counsel for the Debtor, SFGH is now holding the $70,000 as a postpetition security retainer. *See* (Dkt. 78).

21. All services for which SFGH seeks compensation under this Application were performed for or on behalf of the Debtor.

22. SFGH submits that the compensation sought under this Fee Application represents a fair and reasonable amount for the services rendered during the Application Period, given the criteria set forth in §§ 327 and 330 of the Bankruptcy Code for evaluating applications for compensation, namely:

>   (i) the nature, extent, and value of the services;
>   (ii) the time spent;
>   (iii) the rates charged for such services;
>   (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and
>   (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

### A. SFGH Provided a Benefit to the Estate During the Application Period

23. SFGH rendered services during the Application Period that were beneficial to the Debtor's estate and creditors in this Case, and the Court should approve its requested compensation on a final basis. From the Petition Date, SFGH's professionals worked to ensure the effective, smooth administration of this Case, working with all parties in interest to ensure the Case's success. SFGH endeavored to work with all parties in this Case to reach a result that maximizes value for stakeholders, actively and zealously representing the Debtor in all matters

7

during these chapter 11 proceedings for the period during which SFGH served as the Debtor's counsel.

### B. SFGH has Provided Adequate Notice & Opportunity to Object to this Fee Application

24. In compliance with Bankruptcy Rule 2002(a)(6), SFGH is providing 21 days' notice of the hearing on this Fee Application to (a) counsel for the Debtor; (b) the Office of the United States Trustee for the Northern District of Illinois; (c) the Sub V Trustee; and (d) all creditors in this Case. SFGH submits that, in light of the nature of the relief requested, no other or further notice need be given.

25. SFGH further submits that it has made no prior request for the relief sought in this Fee Application to this or any other court.

### V. CONCLUSION

*Wherefore*, SFGH requests that this Court enter an order substantially in the form attached to this Fee Application that:

(a) Allows and approves, on a final basis, compensation to SFGH for $88,125.00 for professional services rendered, and reimbursement of $1,067.14 for actual and necessary expenses incurred by SFGH during the Application Period as the Debtor's counsel;

(b) Authorizes payment to SFGH for amounts approved under the Fee Application, subject in all respects to pending orders of this Court; and

(c) Provides SFGH with any additional relief as may be appropriate under the circumstances.

| | |
|---|---|
| Date: December 22, 2021 | **SUGAR FELSENTHAL GRAIS & HELSINGER LLP** |
| | By: /s/ Jonathan Friedland |
| | One of its Attorneys |
| | Jonathan Friedland (IL No. 6257902) |
| | Jack O'Connor (IL No. 6302674) |
| | Mark Melickian (IL No. 6229843) |
| | **SUGAR FELSENTHAL GRAIS & HELSINGER LLP** |
| | 30 N. LaSalle St., Ste. 3000 |
| | Chicago, Illinois 60602 |
| | Telephone: 312.704.9400 |
| | Facsimile: 312.372.7951 |
| | jfriedland@SFGH.com |
| | joconnor@SFGH.com |
| | mmelickian@SFGH.com |

9